May Term,
1856.

BRICKLEY
v.
HEILBRUNER.

BRICKLEY v. HEILBRUNER and Others.

A. was sued individually for a debt, before a justice of the peace of a different township from that in which he resided, there having been a justice of the peace, at the time, in the latter township, competent to act. A summons was issued and served upon A., and having not appeared to the action, judgment was rendered against him by default. An execution having issued, *held*, in a proceeding to set aside the execution and vacate the judgment, that the judgment was invalid.

*Friday,*
*May 30.*

APPEAL from the *Marion* Court of Common Pleas.

DAVISON, J.—Complaint to set aside an execution, &c. The case is this:

On the 18th of *June*, 1853, the appellees filed their cause of action against *Brickley*, before *Nelson Kellogg*, a justice of the peace of *Harrison* township, in *Wells* county. The justice thereupon issued a summons, directed to any constable of said township, returnable before the justice on the 21st of *June*, which writ was returned, "served by reading;" and *Brickley* not appearing on the day named in the summons, was defaulted, and judgment given against him, upon which a *fieri facias* was issued, and returned *nulla bona*. After this a transcript of the aforesaid judgment was filed in the office of the clerk of the Common Pleas, and an execution was issued thereon from said Court against *Brickley's* property. When the above cause of action was filed, summons served, and judgment rendered, *Brickley* was a resident of *Rock Creek* township in said county, and there was at all the times aforesaid, in that township, a justice competent to act, &c. It is alleged that *Kellogg*, being a justice of *Harrison* township, had no jurisdiction of the person against whom he rendered judgment, because that person was a resident of another township. The complaint prays that the execution issued from the Common Pleas be set aside, and the judgment of the justice vacated. Upon final hearing the Court dismissed the cause, &c.

The proceedings before the justice were in evidence. They show affirmatively that he had jurisdiction of the

person as well as the cause. The validity of the judgment
could not, therefore, be questioned collaterally. But the
present is a direct proceeding, in which the judgment itself
is sought to be annulled. It follows that the record involves
the inquiry, whether the justice had or had not jurisdiction
of the person.

Upon this subject there have been various enactments.
By an act of 1831, it was provided that—"No person shall
be bound to answer any summons or capias," &c., "issued
by a justice, in civil cases, in any other township than the
one in which the defendant resides, or where the debt was
contracted, or where the defendant may be found," &c.
R. S. 1831, p. 299. Under this provision it was held that
"the defendant in a justice's Court, may show, under the
general issue, that process had not issued in the proper
township." 4 Blackf. 161, 168. The revision of 1838
contains a similar enactment, with the addition "that after
an appeal to the Circuit Court, no suit shall be dismissed
because the same was commenced out of the proper town-
ship, unless the objection shall have been made on the
hearing before the justice." R. S. 1838, p. 366. In accord-
ance with the latter statute, it was decided that unless the
defendant in a justice's Court, sued out of his township,
raised the objection before the justice, he waived it.
*Allison* v. *Hedges*, 5 Blackf. 546. The revision of 1843
is in effect the same as that of 1831. The present code is
as follows:

"The jurisdiction of justices, in civil cases, shall, unless
otherwise provided by law, be limited to their townships
respectively." "No person shall be sued before any justice,
out of the township where he resides, *except* as hereinafter
specified, unless such suit is commenced by a *capias ad re-
spondendum*, or when there shall be no justice in such town-
ship competent to act," &c. "Suits may be instituted
before justices by agreement or process, and *except* in cases
otherwise provided, such process shall be a summons."
2 R. S., p. 451, 453. The code points out the exceptions
above indicated; but the case before us is not within either
of them.

It then remains to be considered whether, under the facts stated in the record, the justice had authority to render the judgment? *Allison* v. *Hedges, supra,* does not apply, because that decision is based upon a statute essentially dissimilar to the one governing this case. Had *Brickley* appeared before the justice and submitted to a trial, without making the point as to the jurisdiction, it may be that that objection would not now avail him. But he was not a resident of the township where the suit was brought. In his township there was a justice competent to act. He did not appear to the action. Was he bound to do so for any purpose, even that of contesting the jurisdiction? The code declares that "no person shall be sued out of the township where he resides." This language applies to the case under consideration. It admits of but one interpretation. For the debt sued on, *Brickley, at the time of suit,* was liable before a justice in his own township, and not elsewhere. The result is, *Kellogg* proceeded without the scope of his authority. The summons was therefore a nullity; and we know of no rule or principle of law that required *Brickley* to answer it. Hence, it seems to us, that the judgment is invalid.

The prayer of the complaint should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*E. R. Wilson,* for the appellant.

*J. P. Greer,* for the appellees.