## GRASS *v.* HESS ET AL.

JUDGMENT.—*Injunction.*—Where a resident of this State is sued out of his county before a justice of the peace, and process by summons is served upon him, and judgment is rendered against him without an appearance, an injunction will lie to stay proceedings under the judgment.

| 37 | 193 |
|----|-----|
| 136 | 110 |
| 37 | 193 |
| 140 | 162 |
| 37 | 193 |
| 149 | 559 |

APPEAL from the Cass Circuit Court.

DOWNEY, J.—The appellant, being a resident of Cass county, was sued by Hess before a justice of the peace of Wabash county, and process by summons was there served on him. On the return day of the summons he failed to appear before the justice of the peace, and judgment was rendered against him by default. A transcript of this judg-

ment was taken, filed, and recorded in the office of the clerk of the common pleas of Cass county, and an execution issued on it to the sheriff of that county, who was about to levy the same on the property of Grass, when he filed the complaint in this case to enjoin the sheriff from making such levy.

There was a demurrer to the complaint sustained, and this is the error complained of.

The law on this subject seems to be settled by the decisions of this court against the ruling of the circuit court. The case of *Brickley* v. *Heilbruner,* 7 Ind. 488, involved the point in question here, and it was there held that the injunction was a proper remedy. The court held, in that case, that the defendant, when served with process to appear out of his own township, need not appear and make the objection before the justice of the peace. In *Gage* v. *Clark,* 22 Ind. 163, though the court decided the case against the applicant for the injunction on account of the imperfections in his papers, it is clearly to be understood that when the judgment is rendered without appearance and consent of the defendant, when the suit is in the wrong township, injunctive relief will be granted.

If the justice of the peace has jurisdiction of the subject-matter of the action, and the defendant appears in answer to process and contests the case on the merits, instead of pleading in abatement, under oath, to the jurisdiction of the court over his person, he is estopped from making that issue in the appellate court. *Ludwick* v. *Beckamire,* 15 Ind. 198.

The judgment is reversed, with costs, and the cause remanded, with instructions to the circuit court to overrule the demurrer to the complaint, and for further proceedings.

*W. H. Smith,* for appellant.

*A. Hess,* for appellees.