Johnson v. Ramsay.

Filed Nov. 1, 1883.

———————◆———————

No. 10,500.

## JOHNSON v. RAMSAY.

JUDGMENT.—*Jurisdiction.*—*Justice of the Peace.*—A judgment of a justice of the peace, rendered on summons against a resident of another county, without notice or appearance, though the record shows service, is void for want of jurisdiction, and a suit to declare it void may be maintained.

PRACTICE.—*Harmless Error.*—*Pleading.*—Demurrers to several paragraphs of a complaint were overruled, the issues on which were all afterwards found for the defendant; but there was a finding for the plaintiff and judgment upon another paragraph.

*Held*, that the rulings upon the demurrers were harmless.

From the Shelby Circuit Court.

*J. B. McFadden* and *E. S. Stilwell*, for appellant.
*T. B. Adams* and *L. T. Michener*, for appellee.

BICKNELL, C. C.—This was a written motion by the appellant, in February, 1882, to revive a judgment against the appellee, rendered in November, 1859, by a justice of the peace.

The motion alleged the rendition of the judgment, the issuing and return unsatisfied of an execution thereon, in November, 1859; that the justice's certificate of such return had been lost or mislaid, and after diligent search could not be found; that a transcript of the judgment was filed in the clerk's office of the court of common pleas of the proper county; that afterwards the plaintiff in the judgment died, and his administrator, in 1875, assigned the judgment to the plaintiff; and that the same had never been paid. The motion was duly verified, it was substantially a complaint; a demurrer to it for want of facts, etc., was overruled.

The defendant filed an answer in denial and a cross complaint. The cross complaint averred that the transcript was filed in the clerk's office of the Shelby Circuit Court, on April 9th, 1881, and it set forth a copy of the transcript, which contained the following recitals, to wit:

"Summons issued on the 9th day of November, 1859, and handed to John G. Applegate, returnable the 12th day of November, 1859, at one o'clock in the evening. Summons returned served as commanded. Now to wit, on the day set for the trial of this cause as above stated, comes the plaintiff, and the defendant, although three times called, comes not but makes default, and it appearing that he has been duly served with process more than three days before the time of the trial hereof it is therefore considered," etc.

"I assign the above judgment to William R. Johnson without recourse.                    BEN. FARMBROUGH."

The cross complaint then avers that "Said judgment ought to be declared void for the following reasons:"

1. The summons was not delivered to nor served by a constable, nor by a deputy constable, nor by a special constable.

3. The summons was not served upon defendant by read-

ing, nor by copy, and defendant did not appear, nor authorize anybody to appear for him.

4. When the suit was commenced, and at the time of trial, defendant was not a resident of Sugar Creek township, but was then, and for more than a month next preceding had been, a resident of Franklin county, Indiana, and knew nothing of the suit or judgment for more than thirty days after its rendition, and said suit was not commenced by capias.

5. The plaintiff is neither the legal nor the equitable owner of the judgment; the same belongs to the estate of Anselm Farmbrough, the plaintiff in said judgment, who died intestate, before the commencement of this proceeding.

6. Defendant was never indebted to said Farmbrough, who brought said suit and took said judgment with the fraudulent and wicked purpose of cheating, defrauding and injuring the defendant.

7. After the rendition of said judgment, more than twenty years had expired before the commencement of this proceeding. Wherefore the defendant prays that said judgment be declared satisfied, or that it be declared null and void, that he may have all other proper relief. The plaintiff moved "to strike out each of the 1st, 3d, 4th, 5th, 6th, and 7th specifications contained in the cross complaint, and this motion was sustained as to specifications 5 and 6, and overruled as to specifications 1, 3, 4 and 7."

The plaintiff then filed separate demurrers to each of the said specifications 1, 3, 4 and 7, styling them as separate paragraphs of the cross complaint; these demurrers were overruled.

The plaintiff then answered the cross complaint by a general denial.

The issues were tried by the court, who, at the request of the parties, made a special finding of the facts and stated conclusions of law thereon, as follows:

"1. That the judgment declared upon in the original motion in this case has not been paid, but remains due.

"2. That the execution therein asked for should not be

ordered, for the reasons hereafter found, upon the cross complaint filed herein.

"And upon the evidence introduced in support of the cross complaint of said Ramsay, the court finds:

" 1st. That at the time of the issuing and pretended service of the summons in the case of Anselm Farmbrough against Eugenius Ramsay by Wm. Croddy, justice of the peace in and for Sugar Creek township, Shelby county, Indiana, the said Eugenius Ramsay was not a resident of Sugar Creek township, nor of said Shelby county, but was a *bona fide* resident of Posey township, in Franklin county, Indiana, and had no notice of the pendency of said suit, nor did he appear to the same, whereof the court states, as a conclusion of law, that the said justice of the peace had no jurisdiction of the person of said Ramsay in said action, and that the said judgment is void."

The record states that, "to the above finding of facts and conclusions of law the plaintiff excepted," and that he also moved for a new trial, alleging that the finding was not sustained by sufficient evidence and was contrary to law. This motion was overruled, but there is no bill of exceptions, and no error is assigned upon the overruling of the motion for a new trial. Judgment was rendered upon the finding, and the plaintiff appealed. The errors assigned are:

1. Overruling the motion to strike out paragraphs 1, 3, 4 and 7 of the cross complaint.

2. Overruling the demurrers to said paragraphs.

3. That the court erred in its conclusions of law.

Upon a special finding of facts and conclusions of law stated thereon, if the facts are found contrary to the evidence, the remedy is a motion for a new trial, properly followed by an assignment of error upon the overruling thereof. An exception to the conclusions admits that the facts are correctly found for the purpose of determining the validity of such exception. In the present case there was no error in the conclusions of law, because, the court having found it to be true, as alleged in the 4th specification of the cross complaint, that

the defendant was not a resident of the township in which he was sued, and had no notice of the suit, it is clear that, in an ordinary civil action commenced by summons before a justice of the peace, a judgment rendered in one township against a resident of another township, who had no notice and did not appear, is without jurisdiction and void. *Horner* v. *Doe*, 1 Ind. 130.

There was no available error in overruling the motion to strike out parts of the cross complaint. *Morris* v. *Stern*, 80 Ind. 227.

The remaining error alleged is that the court erred in overruling the demurrers to paragraphs 1, 3, 4 and 7 of the cross complaint.

These are not separate paragraphs, but are really mere specifications of the grounds for relief.

This court has held that such specifications may be demurred to as if they were separate paragraphs, and that they are analogous, in this respect, to several sets of words in a complaint for slander, and to several breaches in a declaration on a bond. *Mustard* v. *Hoppess*, 69 Ind. 324; *Ricketts* v. *Spraker*, 77 Ind. 371.

Therefore, as to each specification the question is, whether its matter, in connection with the appropriate introductory and concluding averments of the pleading of which it is a part, is sufficient in law. The appellant says that "the 1st, 3d, 4th and 7th paragraphs or specifications, are in effect, substantially the same," and therefore he considers them together, but we think they are substantially different, and we will consider first the 4th specification, which alleges the defendant's non-residence in the township, and that he had no notice of the suit.

The appellant contends that this fourth specification is bad, because, as he says, it makes a collateral attack on the judgment; but the attack made upon the judgment in this case is not a collateral attack; it is a direct attack upon the judgment,

alleging it to be null and void, and seeking to have it so declared. *Brickley* v. *Heilbruner*, 7 Ind. 488; *Grass* v. *Hess*, 37 Ind. 193.

In *Brickley* v. *Heilbruner*, *supra*, the facts were similar to the facts here—a summons issued by a justice was returned served by reading, judgment was taken by default, a transcript was filed in the clerk's office, execution was issued thereon. The execution defendant brought suit in the court of common pleas to vacate the judgment, because when the suit was commenced, summons served and judgment rendered, he was a resident of another township. The court of common pleas dismissed the suit; but, on appeal, this court said: " The proceedings before the justice were in evidence. They show affirmatively that he had jurisdiction of the person as well as the cause. The validity of the judgment could not, therefore, be questioned collaterally. But the present is a direct proceeding, in which the judgment itself is sought to be annulled. It follows that the record involves the inquiry, whether the justice had or had not jurisdiction of the person. * * * For the debt sued on, Brickley, *at the time of suit,* was liable before a justice in his own township, and not elsewhere. The result is, Kellogg" (the justice) "proceeded without the scope of his authority. The summons was therefore a nullity; and we know of no rule or principle of law that required Brickley to answer it. Hence, it seems to us, that the judgment is invalid. The prayer of the complaint should have been granted."

In *Grass* v. *Hess*, *supra*, the facts were the same, and this court said: " The case of *Brickley* v. *Heilbruner*, 7 Ind. 488, involved the point in question here. * * * The court held, in that case, that the defendant, when served with process to appear out of his own township, need not appear and make the objection before the justice of the peace."

The cases show that in Indiana an application to the proper court to vacate the judgment of a justice, rendered against a person not a resident of the township in which the suit was brought, is a direct attack upon the judgment; and they also

show that, upon such a direct attack, you may prove the want of jurisdiction over the person and the nullity of the summons, notwithstanding a recital in the record that the defendant was duly served with process.

The case at bar is much stronger than either of the cases last cited. In those cases the parties were actually served with the summons, but were not sued in their own townships; but here the averment of the fourth specification is not only that the defendant was sued out of his own township, but that he actually had no notice whatever of the suit until more than thirty days after the judgment was rendered. See *Packard* v. *Mendenhall*, 42 Ind. 598; *State, ex rel.*, v. *Hudson*, 37 Ind. 198; *Cavanaugh* v. *Smith*, 84 Ind. 380.

There was no error, therefore, in overruling the demurrer to the fourth specification of the cross complaint, and the cases cited by the appellant, to the effect that proceedings to restrain by injunction the collection of a justice's judgment can not be sustained, where the plaintiff has an adequate remedy by appeal or otherwise, do not apply. These were all cases of collateral attack upon judgments of justices or other inferior tribunals. See *Baragree* v. *Cronkhite*, 33 Ind. 192; *Hume* v. *Conduitt*, 76 Ind. 598. The distinction between such collateral attacks and a direct proceeding to annul and vacate a judgment, is thus stated in *Earl* v. *Matheney*, 60 Ind. 202: "If, according to the facts averred in this complaint, the judgments sought to be enjoined are void, the complaint is sufficient; if the judgments are merely irregular or erroneous, though reversible on appeal, the complaint must be held insufficient." So, in *Ricketts* v. *Spraker*, 77 Ind. 371, this court said: "Many, if not all, of the cases cited by the appellants were direct attacks upon the validity of the proceedings, and in such cases the rule is very different from that which obtains where the attack is a collateral one." See also *Marshall* v. *Gill*, 77 Ind. 402; *Sims* v. *City of Frankfort*, 79 Ind. 446; *Caskey* v. *City of Greensburgh*, 78 Ind. 233. In *Argo* v. *Barthand*, 80 Ind. 63, this court said, that "judgments

of inferior courts can not be assailed in a collateral way on account of errors and irregularities merely." In *De Haven* v. *Covalt*, 83 Ind. 344, this court held, that a personal judgment, although irregular and voidable, but not void, can not be collaterally attacked by injunction to prevent its collection by execution. There are a great many cases which hold that a complaint to enjoin the collection of a justice's judgment which is voidable, but not void, is a collateral attack which will not prevail against the presumptions in favor of judicial proceedings, and can not be sustained when the plaintiff has an adequate remedy at law, by appeal or otherwise. But the distinction between such cases and the case at bar is clearly pointed out in *Brickley* v. *Heilbruner, supra*, and *Grass* v. *Hess, supra*, which have never been overruled, or even questioned in Indiana.

The demurrer to the 4th specification of the cross complaint having been correctly overruled, and the record showing that the finding upon the cross complaint was made exclusively upon that specification, establishing the facts that the defendant was sued out of his own township, and was not notified at all, a judgment upon such a finding can not be reversed for errors in overruling demurrers to the other specifications; such errors would be harmless. *Indianapolis, etc., R. R. Co.* v. *Taffe,* 11 Ind. 458; *Blasingame* v. *Blasingame,* 24 Ind. 86; *Peery* v. *Greensburgh, etc., T. P. Co.,* 43 Ind. 321.

The finding sustains the cross complaint, as to the issue joined on specification No. 4, but upon the issues arising on specifications 1, 3 and 7, there is no finding; the burden of proof as to these issues was upon the defendant. The finding, therefore, was equivalent to a finding against the defendant upon these issues, and for this reason, even if the demurrers to specifications 1, 3 and 7 were improperly overruled, the errors would be harmless. *Talburt* v. *Berkshire L. Ins. Co.,* 80 Ind. 434.

There is no error in the record available to the appellant. The judgment does not exactly correspond with the find-

ing, but there was no objection made below either to the form or the substance of the judgment. *Ingel* v. *Scott*, 86 Ind. 518..

The appellee assigns cross errors, but as the judgment is to be affirmed, these cross errors need not be considered.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Nov. 1, 1883.