Smith *v.* Clausmeier.

Filed Dec. 12, 1893.

◆

No. 17,062.

SMITH *v.* CLAUSMEIER.

JUSTICE OF THE PEACE.—*Jurisdiction.*—*Criminal Law.*—*Filing of Affidavit, Time of.*—*Arrest and Production in Court.*—To give a justice of the peace jurisdiction over the person of any one charged with a violation of the criminal law, the first step necessary is the filing of an affidavit naming the offense and the person charged with its commission. On the filing of the affidavit, a warrant issues, and on the apprehension and production in court of the defendant, the jurisdiction of the justice over the person is complete. An affidavit filed afterwards comes too late and can not be made to relate back so as to confer jurisdiction at the time of the trial.

SAME.—*Jurisdiction.*—*How Shown.*—To the record of a court of inferior and limited jurisdiction, as that of a justice of the peace, the same verity is given as to that of a court of general jurisdiction, only after it is shown that such court had jurisdiction of the subject-matter and of the person of the defendant. Recitals in the record showing jurisdiction are not conclusive, and, if denied, evidence *aliunde* must be adduced to establish the jurisdiction.

HABEAS CORPUS.—*Justice of the Peace.*—*Record of Verified by Parol Evidence.*—In a habeas corpus proceeding by a person imprisoned on a mittimus by a justice of the peace, wherein the correctness of the record of the justice is denied, it is error to refuse evidence that the affidavit set out in the record and purporting to be that on which a warrant issued for the defendant, and upon which he was tried, was, in fact, not filed with the justice until after the trial and imprisonment of the defendant.

SAME.—*Irregularities in Procedure.*—*Review of Judgment.*—In such case, mere irregularities in the proceedings subsequent to the filing of the affidavit, constitute no ground for the discharge of the prisoner on

. a writ of *habeas corpus;* nor can a writ of *habeas corpus* be used for the purpose of reviewing a judgment.

From the Allen Superior Court. .

*S. M. Hench,* for appellant.

*H. Colerick* and *J. E. K. France,* for appellee.

HOWARD, C. J.—The appellant filed his petition for a writ of *habeas corpus,* alleging that he was unlawfully restrained of his liberty in the jail of Allen county, by the appellee, who is the sheriff of said county.

On the issue of the writ, the sheriff's return showed that the appellant was held on a mittimus issued by Daniel Ryan, a justice of the peace of Wayne township, said county, issued upon a judgment of conviction for vagrancy. It was further averred in the return, that the appellant had been tried on a plea of not guilty, on an affidavit filed by one Henry Meyers, and that the judgment was unappealed from. Copies of the affidavit, the proceedings and judgment, and the mittimus were made parts of the return, each purporting to be of the date of June 15, 1893.

The appellant filed his exceptions to the return, alleging insufficiency and incorrectness.

Evidence was heard on the issues joined, and the court found for the appellee, that the appellant, petitioner, was lawfully in his custody as sheriff, and remanded the petitioner.

Numerous errors are assigned and discussed by appellant. The only question, however, that need be considered is whether the justice of the peace had jurisdiction to render the judgment and issue the mittimus set out in the record.

As to the irregularities claimed by counsel to exist in the proceedings subsequent to the alleged filing of the affidavit, it may be said, in brief, that they constitute no

ground for the discharge of the petitioner on the writ of *habeas corpus*. This writ can not be used for the purpose of reviewing a judgment. If the court had jurisdiction of the subject-matter and of the person of the petitioner, the after proceedings, however erroneous, can not be inquired into by any collateral proceeding; but relief must be sought by direct review. *Willis* v. *Bayles*, 105 Ind. 363; *McLaughlin* v. *Etchison*, 127 Ind. 474; Hurd Habeas Corpus (2d ed.), 251, and following.

In Church on Habeas Corpus, section 127, it is said: "Where a court of first instance has competent jurisdiction to try and punish an offense, the higher court will not assume that the sentence is invalid, or unwarranted by law so long as it remains unreversed. Neither will the court require the authority of the court of first instance to pass sentence, to be set out in the return to a writ of *habeas corpus*. It is bound to assume, *prima facie*, that the unreversed sentence of a court of competent jurisdiction is correct."

The offense charged in the case before us was vagrancy, for which the fine is "not more than fifty dollars nor less than five dollars." On failure to pay or replevy the judgment, the defendant was committed to jail. The justice had, therefore, jurisdiction of the subject-matter. R. S. 1881, sections 1637, 1647, 2134; Gillette Crim. Law, section 73; *Jenkins* v. *State*, 78 Ind. 133.

The question left for decision, then, is whether the justice had acquired jurisdiction of the person of the petitioner at the time of the trial and judgment.

The transcript of the proceedings before the justice was introduced in evidence. From this record it appeared that an affidivit in due form, charging the petitioner with the offense of vagrancy, was filed before the justice by one Henry Meyers, and that on this affidavit a warrant was issued by the justice and a trial had, re-

sulting in the conviction of appellant of the offense charged; and that on failure of appellant to pay or re-plevy the fine and costs adjudged against him, a mitti-mus was issued committing him to the jail of the county.

The appellant then offered to prove by appellee, the sheriff, and by said justice of the peace, and also by Henry Meyers, that the record was untrue in several particulars, and particularly that no affidavit or com-plaint was filed with the justice against the appellant, petitioner, at the time of the trial. The court, however, excluded all offered testimony in contradiction of the record.

. Amongst the questions asked of Daniel Ryan, the jus-tice, was the following, which, with the objection of the appellee, the ruling of the court, and the offer of the ap-pellant, we set out, as they appear in the bill of excep-tions:

"Q. I will ask you if it is not the fact that the affi-davit referred to and set out in your docket just read to the court, charging the petitioner with vagrancy, was not filed until after you had tried the petitioner and had committed him to the jail of Allen county?

"The defendant, Edward F. Clausmeier, objected to this question on the ground that the evidence is incom-petent, immaterial and irrelevant, and tends to attack collaterally and by secondary proof the verity of the judg-ment. The objection was sustained by the court.

"The petitioner, by counsel, then offered to prove by the witness that the affidavit set out in the record of the justice of the peace, at page 64 of docket D, was not filed until after the prisoner had been tried and committed to the county jail.

"The evidence offered was excluded by the court, to which the petitioner excepted."

There is some apparent conflict in the decisions as to

the credit which should be given to the record of a court of inferior and limited jurisdiction.

It has been held that in a proceeding before a justice of the peace to obtain surety of the peace, the record of the justice as to the acts and things done by and before him, is not conclusive, and may be contradicted by parol evidence. *Smelzer* v. *Lockhart,* 97 Ind. 315.

The statute, R. S. 1881, section 1106, provides that "every person restrained of his liberty, under any pretense whatever, may prosecute a writ of *habeas corpus,* to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."

And it is the rule that any statute which may operate in restraint of personal liberty must be strictly construed. *Willis* v. *Bayles, supra.*

Even in case of a court of superior and general jurisdiction, and where the record shows a judgment and sentence entered up against a defendant, a writ of *habeas corpus* will be awarded and the defendant discharged, on a plea to the return, with proof, showing that no such judgment was entered upon the order-book until after adjournment of court. *Passwater* v. *Edwards,* 44 Ind. 343.

Further, as to setting aside fraudulent and other judgments, in a court of general jurisdiction, see, *Earle* v. *Earle,* 91 Ind. 27; *Miller* v. *Snyder,* 6 Ind. 1; *Patterson* v. *Pressley,* 70 Ind. 94; *Thompson* v. *McCorkle,* 34 N. E. Rep. 813; Gillette Crim. Law, section 67.

*Brickley* v. *Heilbruner,* 7 Ind. 488, was a case where a judgment had been taken before a justice of the peace of one township, against a defendant who was a resident of another township, although the summons, on its face, and the record of the proceedings before the justice, showed that he was properly served. The common pleas court dismissed an action brought to vacate the judg-

ment; but, on appeal, this court held that as the defendant was not a resident of the township where the suit was brought, and as there was in his township a justice competent to act, the summons was a nullity; and, as the defendant did not personally appear before the magistrate and submit to jurisdiction, that the judgment itself was invalid.

So, also, in *Grass* v. *Hess*, 37 Ind. 193, it was decided that where a resident of this State is sued out of his county before a justice of the peace, and process by summons is served upon him, and judgment is rendered against him without appearance, an injunction will lie to stay proceedings under the judgment.

In a like case, *Gage* v. *Clark*, 22 Ind. 163, the court intimated a doubt as to whether the statutory modes of vacating judgments prevail before justices, as in courts of general jurisdiction.

In *Johnson* v. *Ramsay*, 91 Ind. 189, this court, in citing the cases of *Brickley* v. *Heilbruner*, *supra*, and *Grass* v. *Hess*, *supra*, say: "These cases show that in Indiana an application to the proper court to vacate the judgment of a justice, rendered against a person not a resident of the township in which the suit was brought, is a direct attack upon the judgment; and they also show that, upon such a direct attack, you may prove the want of jurisdiction over the person and the nullity of the summons, notwithstanding a recital in the record that the defendant was duly served with process."

The foregoing cases are cited and approved in *Brown* v. *Goble*, 97 Ind. 86.

In *Lavin* v. *Emigrant Industrial Savings Bank*, 1 Fed. Rep. 641, it is said that, "There is no question of the general rule of law that where an act is justified or a title made under the official act or decree of an officer or court of special and limited jurisdiction, the burden

is on the party setting up such title, or justifying such act, to prove that the officer or court had jurisdiction. There must be evidence of those facts, the existence of which are essential to the exercise of the power or jurisdiction.''

The court in that case holds, however, that a duly authenticated record, made by such officer or court of special or limited jurisdiction is *prima facie* evidence of the action taken upon the matter in question, and that ''the presumption is always that the proceedings and acts of a court or public officer, apparently done in the discharge of his or its official duty, are regular and lawful, until the contrary is shown.  *  *  * So far as the record shows, on its face, that he acted, his action, in the absence of evidence to the contrary, is presumed to be lawful rather than unlawful.''

In *People* v. *Warden of County Jail, etc.*, 100 N. Y. 20, which was on an action for a writ of *habeas corpus*, the court, speaking by Ruger, C. J., said, that the questions arising in the case were governed by the rule favoring the widest latitude of examination, inasmuch as the judgment assailed was rendered by a court of limited jurisdiction, and its authority in the premises was disputed; that judgments pronounced by courts of special and limited jurisdiction, when questioned in any collateral proceeding, are of no force or effect as establishing a right to enforce them, unless accompanied by proof of the jurisdictional facts upon which the authority of the court to render the judgments depends; that the recital of jurisdictional facts in the records of such courts does not furnish even *prima facie* evidence of their existence; that such proof, when furnished, is subject to the right of the person affected thereby to controvert it and to show want of jurisdiction; that ''when, however, a court has jurisdiction of the subject-matter, and has

acquired jurisdiction of the person by the service of proper process, or the voluntary appearance of the party, it is competent for it to try and determine all questions within the issue arising during the course of the trial, and its decisions thereon can be reviewed only in a direct proceeding.''

The case of *Vizzard* v. *Taylor, Treas.*, 97 Ind. 90, was a suit to enjoin a county treasurer from collecting an assessment made in a proceeding before a board of county commissioners. It was said by this court in that case: ''We do not controvert the doctrine, well settled by many cases in this court, that the decision of an inferior tribunal, upon a matter in which it has jurisdiction, can not be assailed collaterally for errors or irregularities. But the jurisdiction, to be complete, so as to preclude collateral attack, must exist both as to the subject-matter and as to the parties.'' See, also, *Hord, ex rel.*, v. *Elliott*, 33 Ind. 220.

In the *Board, etc.*, v. *Markle*, 46 Ind. 96, we think the correct rule as to collateral attacks on proceedings before courts of inferior jurisdiction was well stated. ''The facts,'' said the court, ''which it is said must be shown to exist before the matter can be within the jurisdiction of an inferior court; and which can be inquired into collaterally, are such as, in the absence of which the court can not rightfully hear and determine any question touching the matter in controversy. Hence a recital in the record of such facts may be shown to be false, and some courts hold that they are not even *prima facie* evidence of the truth, but that they must be proved by evidence *aliunde*. But, whenever it is admitted, either in the pleadings or otherwise, or shown by proof, that such facts did exist, that the proper steps had been taken, such as the filing of an affidavit, petition, or other papers, authorizing the court to act, to make an investiga-

tion and decision, then the jurisdictional facts exist. The whole question begins and ends here.''

In citing the foregoing case, in *Wilkinson* v. *Moore,* 79 Ind. 397, Woods, J., said that it may now be regarded as well settled that while the judgment of a justice of the peace, or other inferior tribunal, in a matter of which by law such court had jurisdiction, and wherein it had, according to law, acquired jurisdiction of the person, can not be assailed collaterally on account of mere irregularities in the proceedings subsequent to acquiring such jurisdiction; yet, that ''it is equally well determined that presumptions will not be indulged in favor of courts of limited powers, and their judgments have no force unless it be affirmatively shown that jurisdiction was acquired.''

In relation to the statutory provision (R. S. 1881, section 1119) prohibiting any court or judge from inquiring into the legality of any judgment or process whereby the party is in custody, or from discharging him when the term of commitment has not expired, in certain named cases, one being when he is held ''upon any process issued on any final judgment of a court of competent jurisdiction,'' it has been well said by Mr. Church, in his work on Habeas Corpus (2d ed.), section 81: ''We apprehend that the true construction of such a statute leaves the question of jurisdiction always open. To bar the applicant from a discharge, by means of *habeas corpus*, the court in which the judgment was rendered, or from which the process was issued, must have had jurisdiction to render such judgment. The tribunal must be competent to render the judgment under some circumstances. The prohibition forbidding the inquiry, by a court or judge, into the legality of any previous judgment or process, does not, and can not

without nullifying, to some extent, the general principles governing the issuance of the writ of *habeas corpus*, take from the court or judge the power, or relieve him from the duty of determining whether the judgment or process emanated from a court of competent jurisdiction; and whether the court rendering the judgment, or issuing the process, had the legal and constitutional power to render such judgment or send forth such process. It simply prohibits the review of a decision of 'a court of competent jurisdiction.' * * * Where it appears that the relator is detained under the process, or under the final judgment of a court of competent jurisdiction, it is the duty of the court to remand him, unless it is shown that the process issued, or that the judgment was rendered without jurisdiction; and this the relator may always show, notwithstanding the statutory prohibition.''

To give a justice of the peace jurisdiction over the person of any one charged with a violation of the criminal law, the first step necessary is the filing of an affidavit naming the offense and the person charged with its commission. An affidavit filed afterwards comes too late, and can not be made to relate back so as to confer jurisdiction at the time of the trial. *Hoover* v. *State*, 110 Ind. 349 (353).

On the filing of the affidavit, a warrant issues, and on the apprehension and production in court of the defendant, the jurisdiction of the justice over the person is complete. As to all that may thereafter be done on issues based on the affidavit, whether what is done be regular and proper, or whether irregular and erroneous, it is not void, and can be inquired into only by way of appeal to a higher court. Without the affidavit, however, there is no jurisdiction, and all the proceedings are void.

Smith *v.* Clausmeier.

In the case of a court of general jurisdiction, such absolute verity is given to its record that we can examine that only to determine whether the court had jurisdiction or not.   But in the case of a court of inferior and limited jurisdiction, as that of a justice of the peace, we may seek information from any source to determine the question of jurisdiction; and even if the record recites facts showing jurisdiction, the court may nevertheless hear other evidence in contradiction or support of the record, showing whether the justice had in fact acquired jurisdiction.

The reason for this distinction is patent.   A court of general jurisdiction is presided over by a judge learned in the law, is attended by numerous attorneys and officers, and is held in a public place and at stated times. Liberal provision is made by the law for new trial, for review of judgment, and ample time given for appeal from erroneous decisions.   There is slight danger, therefore, that any one may go without remedy for any wrong possibly done him before the court;   and there is good reason for the rule that gives to the record of a court of such dignity the character of absolute verity.

To the record of a court of inferior and limited jurisdiction, as that of a justice of the peace or board of county commissioners, the same verity is given only after it is shown that such court had jurisdiction of the subject-matter and of the person of the defendant tried before it.   If jurisdiction is denied, then no step can be taken until jurisdiction is proved.   In case the recitals in the record show jurisdiction, and the correctness of such recitals is admitted, that is sufficient; otherwise, proof outside the record must be adduced to establish the jurisdiction.

In *habeas corpus* proceedings, where the freedom of the citizen is in question, no shadow of doubt must be left

as to the legality of the proceedings under which he is held in custody.   This writ, so long the bulwark of personal liberty, will be most sacredly guarded by the courts.

And while the record of a court of competent jurisdiction will always be respected, yet, before such record is received, the court or the judge before whom it is brought will first be assured that the court from which the record comes, is in truth a court of competent jurisdiction. If the court is of general jurisdiction, the record is received without further question, both as to jurisdiction and as to all subsequent proceedings in the case.   If, however, the court is of inferior or limited jurisdiction, and its jurisdiction over the subject-matter of the controversy, or over the person of the defendant, is controverted, then such jurisdiction must be first proved; otherwise, the whole record will be rejected.

In the case before us, the correctness of the record of the justice of the peace was denied, and the appellant petitioner offered competent evidence to show that the affidavit set out in the record and purporting to be that on which a warrant issued for the defendant, and upon which he was tried, was in fact not filed with the justice until after the trial and imprisonment of the appellant. The court refused to admit the offered evidence.   This was error.

The judgment is reversed, with instructions to receive the evidence offered to show that the justice of the peace had acquired no jurisdiction over the person of the appellant, and for further proceedings.

Filed Dec. 20, 1893.