Fitch *v.* Byall.

---

## FITCH *v.* BYALL.

[No. 18,283. Filed February 23, 1898.]

JUDGMENT.—*Relief From Judgment Taken Before Justice of Peace Through Excusable Neglect. — Statute Construed. —* Section 399, Burns' R. S. 1894 (396, R. S. 1881), providing relief from a judgment taken through mistake or excusable neglect, is not applicable to judgments taken before a justice of the peace; and the filing of a transcript of such judgment in the office of the clerk of the circuit court will not make it a judgment of the circuit court, or give such court authority to grant relief therefrom. *p. 556.*

SAME.—*Judgment Taken Before Justice of Peace.—Excusable Neglect. —Relief.—*Relief, after thirty days, from a judgment taken by default before a justice of the peace, is by a proceeding in the circuit court for a new trial, under section 1571, Burns' R. S. 1894 (1503, R. S. 1881). *p. 557.*

SAME.—*When Collection of Judgment May be Enjoined.* The collection of a void judgment may be enjoined, but not so where it is merely irregular or erroneous. *p. 557.*

PLEADING.—*Complaint.—Exhibit.—Summons.*—In an action to set aside a judgment for want of proper service, a copy of the summons filed with the complaint as an exhibit, but not made a part thereof, cannot be considered in determining the sufficiency of the complaint. *p. 557.*

JUDGMENT.—*Collateral Attack.*—The judgment of a justice of the peace is not open to collateral attack, where the defendant is a resident of the township in which the suit is brought, and the

facts necessary to confer jurisdiction over the person of the defendant appear affirmatively upon the face of the record.   *p. 558.*

APPEAL AND ERROR.—*Bill of Exceptions.—Record.*—The evidence is not in the record where the record does not show that the bill of exceptions was filed in the clerk's office after it was signed by the judge.   *p. 559.*

SAME.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*— Prior to the taking effect of the act of March 8, 1897 (Acts, 1897, p. 244), it was necessary that the record should affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions.   *p. 560.*

From the Allen Circuit Court.   *Reversed.*

*Wilmer Leonard* and *Elmer Leonard,* for appellant.

*B. F. Harper,* for appellee.

MONKS, J.—It appears from the complaint that appellant, on the 21st of October, 1895, commenced an action before a justice of the peace of Allen county, on two promissory notes; that a summons was issued and placed in the hands of a constable of the township, commanding him to summon appellee to appear before said justice of the peace in said cause on October 25, 1895; that said writ was served on one Isaac Byall by leaving a copy of said summons at his last and usual place of residence; that on October 25, 1897, judgment was rendered by said justice of the peace by default against appellee; that the summons issued in said action was never served upon appellee by reading or otherwise, and he never received or had any notice of any kind, or from any source, of the pendency of said action, or the rendition of said judgment, until the 8th day of February, 1896.   Facts showing a meritorious defense to the action brought before the justice of the peace are alleged.   It is also alleged that the judgment was taken against appellee through his excusable neglect, and that he would have pleaded and proved the defense alleged if he had been notified of said action; that appellant has caused a transcript

of said judgment to be filed in the office of the clerk of the court below, which operates as a lien on the property of appellee.   Prayer: "That said judgment be annulled, and that said default be set aside, and that he [appellee] be allowed to make his defense." Appellant's demurrer to the complaint for want of facts was overruled.

The issues formed were tried by the court, and upon a finding in favor of appellee, over a motion for a new trial, judgment was rendered that said judgment of the justice of the peace be "opened and vacated so as to enable the defendant [appellee] to make his defense therein, and the justice of the peace is ordered to allow defendant [appellee] in said action to make his defense to the same," etc.

The theory of appellee and the trial court was that the proceeding was brought to relieve appellee from a judgment taken against him through his excusable neglect.   Such a proceeding is governed by section 399, Burns' R. S. 1894 (396, R. S. 1881), which does not apply to proceedings before justices of the peace. *Brown* v. *Goble*, 97 Ind. 86; 6 Ency. Pl. and Prac., 149. Said section does not authorize circuit or superior courts to relieve a party from a judgment taken against him before a justice of the peace.   Under said section, the application for relief from a judgment must be made to the same court in which the same was rendered.   6 Ency. of Pl. and Prac., 149.   Filing a transcript of the judgment of the justice of the peace in the office of the clerk of the court below, under the provisions of sections 624, 625, Burns' R. S. 1894 (612, 613, R. S. 1881), was to make the judgment a lien on appellant's real estate in Allen county, and did not make the same a judgment of the trial court, or give it any authority to grant relief therefrom, under section 399 (396), *supra;* 6 Ency. of Pl. and Prac., 150.

When a judgment is taken before a justice of the peace, through the mistake, surprise, inadvertence or excusable neglect of a party, and the same is not discovered until after the expiration of thirty days from the rendition of the judgment, the remedy is by an application to the circuit court for an appeal, under section 1571, Burns' R. S. 1894 (1503, R. S. 1881), which provides that "Appeals may be authorized by the circuit court after the expiration of thirty days, when the party seeking the appeal has been prevented from taking the same by circumstances not under his control." *Kreite* v. *Smith,* 3 Ind. App. 64; *Brooks* v. *Harris,* 42 Ind. 177.   It is clear that the complaint was not sufficient to entitle appellee to any relief under section 399 (396), *supra.*   Neither was the complaint sufficient to entitle him to an injunction against the enforcement of the judgment of the justice of the peace upon the ground that the same was void.   The collection of a void judgment may be enjoined, but, where it is merely irregular or erroneous, it cannot be enjoined. *Earl* v. *Matheney,* 60 Ind. 202; *Gum-Elastic, etc., Co.* v. *Mexico, etc., Co.,* 140 Ind. 158, and cases cited on p. 163.   A copy of the summons issued by the justice of the peace in said cause, showing that the constable was commanded to serve Isaac Byall, the person whom it is alleged was served, instead of Isa A. Byall, the appellee, is filed as an exhibit to the complaint, but is not thereby made a part of the complaint, and cannot be considered in determining the sufficiency of such complaint. *Gum-Elastic, etc., Co.* v. *Mexico, etc., Co., supra,* and cases cited.   We are not, therefore, called upon to determine what effect, if any, the facts shown by said exhibit would have if properly alleged in the complaint.   There is no charge of fraud in obtaining or entering the judgment made in the complaint, either against the parties or officers.   It is not

alleged that a proper return of service was not made upon the summons issued, nor is it averred that the entry of the judgment on the justice's docket does not show due service of process. All the allegations of the complaint may be true, and yet the entry of the judgment of the justice of the peace may show that process was issued, and that the officer to whom the same was delivered made a return of service upon such summons. If such facts are shown, then the record of the justice of the peace affirmatively shows jurisdiction. *Hume* v. *Conduitt*, 76 Ind. 598, 600. The rule is that the return of the officer that process was served cannot be contradicted by the parties. *Hume* v. *Conduitt, supra*, and cases cited on p. 600. The judgment of a justice of the peace is not open to collateral attack, where the defendant is a resident of the township in which the suit is brought, and the facts necessary to confer jurisdiction over the person of the defendant appear affirmatively upon the face of the record. *Hume* v. *Conduitt, supra; Indianapolis, etc., R. W. Co.* v. *Harmless*, 124 Ind. 25; *Turner* v. *Conkey*, 132 Ind. 248, and cases cited on pp. 250, 252; *Friedline* v. *State*, 93 Ind. 366; 6 Ency. Pl. and Prac., p. 148.

Under the statutes of this State, no person who is a resident of any township in the State can be sued before a justice of the peace out of the township in which he resides, unless said suit is commenced by *capias ad respondendum*, or when there is no justice of the peace competent to act in said township. Sections 1498, 1499, 1508, Burns' R. S. 1894 (1431, 1432, 1441, R. S. 1881); *Michael* v. *Thomas*, 24 Ind. 72; *Wilkinson* v. *Moore*, 79 Ind. 397. It is true that under such statute, where a resident of this State is sued upon contract, and judgment rendered, without an appearance of the defendant, before a justice of the peace out of the township in which he resides, and the action is not

commenced by *capias ad respondendum*, and there is a justice of the peace competent to act in the township where the judgment defendant residies, the enforcement thereof may be enjoined, even though the summons was properly issued and served, and the entry of the judgment shows such service, and the judgment appears valid upon its face. *Johnson* v. *Ramsay*, 91 Ind. 194; *Brown* v. *Goble*, 97 Ind. 86; *Grass* v. *Hess*, 37 Ind. 193; *Brickley* v. *Heilbruner*, 7 Ind. 488.

The collection of the judgment in the class of cases to which *Brickley* v. *Heilbruner*, *supra*, and those following it, belong, was enjoined upon the ground that the defendant was not a resident of the township in which he was sued, and for that reason the justice, under the statute, had no jurisdiction over his person, and could only obtain such jurisdiction by an appearance, which waived the question of jurisdiction over the person, and not upon the ground that the return of service or the recitals in the judgment were false, and could be contradicted. It is not alleged in the complaint that appellee was not a resident of the township in which the suit was commenced, and this case does not, therefore, fall within the class to which *Brickley* v. *Heilbruner* and those following it belong, but falls within the class to which *Hume* v. *Conduitt*, *supra*, belongs, and is ruled thereby.

It follows that the court erred in overruling appellant's demurrer to the complaint. The evidence is not in the record, for the reason that the record does not show that the bill of exceptions was filed in the clerk's office after it was signed by the judge. *Ayres* v. *Armstrong*, 142 Ind. 263, and cases cited; *Ueker, Admx.*, v. *Bedford Blue Stone Co.*, 142 Ind. 678, and cases cited; *Robinson* v. *Dickey*, 143 Ind. 205, 210, and cases cited; *Wenning* v. *Teeple*, 144 Ind. 189, 192; *Drake* v. *State*, 145 Ind. 210, 217-218, and cases cited.

Even if the bill of exceptions was filed after it was signed by the judge, as required by law, the evidence is not in the record for the further reason that the record does not affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions and signed by the judge. *Garrett* v. *State, ex rel., ante,* 264. This appeal was filed August 6, 1896, and is not, therefore, governed by the provisions of the act approved March 8, 1897 (Acts 1897, p. 244), concerning the manner in which the evidence may be made a part of the record upon appeal. No question is therefore presented by the assignment of errors that the court erred in overruling the motion for a new trial. The judgment is therefore reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.