Hart *v.* O'Rourke *et al.*

[No. 18,369. Filed October 11, 1898.]

JUDGMENT.—*Attachment and Garnishment.— Injunction.*—A judgment rendered against a garnishee defendant by a justice of the peace without an affidavit being filed showing grounds of attachment as required by section 925, Burns' R. S. 1894, and that defendant, a resident householder was not entitled to an exemption of his wages in excess of $25.00, although erroneous, was not void, and an action cannot be sustained to enjoin the collection of same, where the court had jurisdiction of the parties and the subject-matter of the action.

Hart v. O'Rourke et al.

From the Tippecanoe Superior Court. *Affirmed.*

*F. B. Everett, T. E. Everett* and *R. L. Ewbank,* for appellant.

*J. Frank Hanly* and *W. R. Wood,* for appellees.

MONKS, J.—On March 30, 1897, appellee O'Rourke commenced an action against appellant before a justice of the peace of Tippecanoe county to recover for merchandise sold and delivered to appellant by said appellee, and also filed an affidavit and undertaking for a writ of garnishment against the receiver of the Monon Railway Company. The affidavit and undertaking were filed under the provisions of the act of 1897 (Acts 1897, p. 233). No affidavit showing any grounds of attachment, as required by section 925, Burns' R. S. 1894 (913, Horner's R. S. 1897), was filed. A summons was served on appellant, and a writ of garnishment was served on the garnishee defendant. Appellant appeared to said action, and filed an answer to the proceedings in garnishment, together with proper affidavit and schedule, and asked an exemption of $600 as a resident householder. The garnishee also filed an answer that the Monon Railway Company was indebted to appellant in the sum of $51.60 for wages, and that said amount was exempt from garnishment. The justice of the peace tried said cause, found for appellee O'Rourke, the plaintiff in said action, and that the railway company was indebted to appellant, the defendant in said action, in the sum of $51.60, and that appellant was a resident householder of Tippecanoe county, Indiana, and that as such householder he was entitled to an exemption of $25.00 of the amount due him from said garnishee, and rendered judgment against appellant for the amount of the claim sued upon and costs, and that the garnishee pay into said justice's court the sum of

$15.30, being the amount of the judgment and costs. Appellant brought this action to enjoin the enforcement of that part of said judgment which required the garnishee defendant to pay into said justice's court the sum of $15.30, on the ground that the same is null and void. The court below sustained a demurrer to the complaint for want of facts, and appellant refusing to plead further, judgment was rendered against appellant on demurrer.

It is settled law in this State that a void judgment may be enjoined, but if the judgment is merely irregular or erroneous, though reversible on appeal, it is not subject to collateral attack, and cannot be enjoined. *Fitch* v. *Byall*, 149 Ind. 554, and cases cited; *Davis* v. *Clements*, 148 Ind. 605, and cases cited; *Hume* v. *Conduitt*, 76 Ind. 598; *Johnson* v. *Ramsay*, 91 Ind. 189, 195, and cases cited. The justice tried and determined said cause upon the theory that, under the act of 1897, (Acts 1897, pp. 33, 34, section 216, 243), appellee O'Rourke was authorized to commence proceedings in garnishment, and obtain a garnishee summons, and prosecute the same to final judgment, without filing an affidavit containing any of the grounds of attachment, as required by section 925 (913), *supra*, and that the wages of appellant, although he was a resident householder of the State, were only exempt from garnishment to the amount of $25.00. This view of the law was clearly erroneous, as held by this court in *Pomeroy* v. *Beach*, 149 Ind. 511. It does not follow, however, that the judgment of said justice against said garnishee was void for this reason. It will be observed that appellee appeared to said action before the justice of the peace, and that a judgment was rendered against him for the amount of his indebtedness to appellee O'Rourke, who was the plaintiff in said action. Said justice, therefore,

had jurisdiction of the subject-matter of the action, and of the person of appellant and the garnishee. The proceedings in garnishment were not the foundation of that action, but they were merely ancillary thereto. The judgment against the garnishee in that case, although erroneous, was not null and void. *Earl* v. *Matheney*, 60 Ind. 202, and cases cited; *Williams* v. *Hitzie*, 83 Ind. 303, 307, 308; *Johnson* v. *Ramsay*, *supra*, 195; *Brown* v. *Goble*, 97 Ind. 86, 89; 8 Am. & Eng. Ency. of Law, 1245.

In *Earl* v. *Matheney*, *supra*, it was held by this court that in an action before a justice of the peace against a defendant, duly served with process, for the collection of a debt within the jurisdiction of the justice, and in which a third party was served with process to answer as garnishee, and judgment rendered against the debtor for the amount of the debt, and also against the garnishee as such, said judgment against the garnishee was not void, and could not be attacked collaterally, although no attachment proceedings were had against the debtor. It is clear, therefore, that said judgment was not void for the reason that no affidavit in attachment was filed in said proceedings. For the same reason the error of the court in holding that appellant, a resident householder of this State, was not entitled to an exemption of his wages in excess of $25.00 as against the proceedings in garnishment, although erroneous, (*Pomeroy* v. *Beach, supra*) did not render said judgment or any part thereof void. *Roundtree* v. *Walker*, 46 Tex. 200, 203; *Ex parte McCullough*, 35 Cal. 97. Finding no error in the record the judgment is affirmed.