Hart *v.* O'Rourke *et al.*

[No. 18,369. Filed October 11, 1898.]

JUDGMENT.—*Attachment and Garnishment.— Injunction.*—A judgment rendered against a garnishee defendant by a justice of the peace without an affidavit being filed showing grounds of attachment as required by section 925, Burns' R. S. 1894, and that defendant, a resident householder was not entitled to an exemption of his wages in excess of $25.00, although erroneous, was not void, and an action cannot be sustained to enjoin the collection of same, where the court had jurisdiction of the parties and the subject-matter of the action.

Hart *v.* O'Rourke *et al.*

From the Tippecanoe Superior Court.  *Affirmed.*

*F. B. Everett, T. E. Everett* and *R. L. Ewbank,* for appellant.

*J. Frank Hanly* and *W. R. Wood,* for appellees.

MONKS, J.—On March 30, 1897, appellee O'Rourke commenced an action against appellant before a justice of the peace of Tippecanoe county to recover for merchandise sold and delivered to appellant by said appellee, and also filed an affidavit and undertaking for a writ of garnishment against the receiver of the Monon Railway Company.  The affidavit and undertaking were filed under the provisions of the act of 1897 (Acts 1897, p. 233).  No affidavit showing any grounds of attachment, as required by section 925, Burns' R. S. 1894 (913, Horner's R. S. 1897), was filed.  A summons was served on appellant, and a writ of garnishment was served on the garnishee defendant.  Appellant appeared to said action, and filed an answer to the proceedings in garnishment, together with proper affidavit and schedule, and asked an exemption of $600 as a resident householder.  The garnishee also filed an answer that the Monon Railway Company was indebted to appellant in the sum of $51.60 for wages, and that said amount was exempt from garnishment.  The justice of the peace tried said cause, found for appellee O'Rourke, the plaintiff in said action, and that the railway company was indebted to appellant, the defendant in said action, in the sum of $51.60, and that appellant was a resident householder of Tippecanoe county, Indiana, and that as such householder he was entitled to an exemption of $25.00 of the amount due him from said garnishee, and rendered judgment against appellant for the amount of the claim sued upon and costs, and that the garnishee pay into said justice's court the sum of

Hart v. O'Rourke et al.

$15.30, being the amount of the judgment and costs. Appellant brought this action to enjoin the enforcement of that part of said judgment which required the garnishee defendant to pay into said justice's court the sum of $15.30, on the ground that the same is null and void. The court below sustained a demurrer to the complaint for want of facts, and appellant refusing to plead further, judgment was rendered against appellant on demurrer.

It is settled law in this State that a void judgment may be enjoined, but if the judgment is merely irregular or erroneous, though reversible on appeal, it is not subject to collateral attack, and cannot be enjoined. *Fitch* v. *Byall*, 149 Ind. 554, and cases cited; *Davis* v. *Clements*, 148 Ind. 605, and cases cited; *Hume* v. *Conduitt*, 76 Ind. 598; *Johnson* v. *Ramsay*, 91 Ind. 189, 195, and cases cited. The justice tried and determined said cause upon the theory that, under the act of 1897, (Acts 1897, pp. 33, 34, section 216, 243), appellee O'Rourke was authorized to commence proceedings in garnishment, and obtain a garnishee summons, and prosecute the same to final judgment, without filing an affidavit containing any of the grounds of attachment, as required by section 925 (913), *supra*, and that the wages of appellant, although he was a resident householder of the State, were only exempt from garnishment to the amount of $25.00. This view of the law was clearly erroneous, as held by this court in *Pomeroy* v. *Beach,* 149 Ind. 511. It does not follow, however, that the judgment of said justice against said garnishee was void for this reason. It will be observed that appellee appeared to said action before the justice of the peace, and that a judgment was rendered against him for the amount of his indebtedness to appellee O'Rourke, who was the plaintiff in said action. Said justice, therefore,

had jurisdiction of the subject-matter of the action, and of the person of appellant and the garnishee. The proceedings in garnishment were not the foundation of that action, but they were merely ancillary thereto. The judgment against the garnishee in that case, although erroneous, was not null and void. *Earl* v. *Matheney*, 60 Ind. 202, and cases cited; *Williams* v. *Hitzie*, 83 Ind. 303, 307, 308; *Johnson* v. *Ramsay, supra,* 195; *Brown* v. *Goble*, 97 Ind. 86, 89; 8 Am. & Eng. Ency. of Law, 1245.

In *Earl* v. *Matheney, supra,* it was held by this court that in an action before a justice of the peace against a defendant, duly served with process, for the collection of a debt within the jurisdiction of the justice, and in which a third party was served with process to answer as garnishee, and judgment rendered against the debtor for the amount of the debt, and also against the garnishee as such, said judgment against the garnishee was not void, and could not be attacked collaterally, although no attachment proceedings were had against the debtor. It is clear, therefore, that said judgment was not void for the reason that no affidavit in attachment was filed in said proceedings. For the same reason the error of the court in holding that appellant, a resident householder of this State, was not entitled to an exemption of his wages in excess of $25.00 as against the proceedings in garnishment, although erroneous, (*Pomeroy* v. *Beach, supra*) did not render said judgment or any part thereof void. *Roundtree* v. *Walker*, 46 Tex. 200, 203; *Ex parte McCullough*, 35 Cal. 97. Finding no error in the record the judgment is affirmed.

Denton v. Arnold.

deemed to be closed by the order of the court authorizing the sale of the premises in dispute.

Counsel for appellant urge that the answer is not sufficient, for the reason that it does not disclose that the appellant was notified of the pendency of the petition to sell the real estate in the particular manner prescribed by the statute. It is alleged in the answer, however, that she was a party to the proceedings and that due notice was given to her of the pendency of said proceedings; and it further appears that the court assumed jurisdiction in the action, and ordered the sale of the land. This was an adjudication by the court upon the question of notice, and we must presume that the court did its duty, and found before it rendered its judgment, that appellant, as a party to the petition, had been duly notified thereof as required by law. *First Nat'l Bank* v. *Hanna, Admr.*, *supra;* *Jackson* v. *State, ex rel.*, 104 Ind. 516; *Forsyth* v. *Wilcox*, 143 Ind. 144.

That appellant's interest, as widow, in the real estate of her deceased husband, was subject to a lien for unpaid purchase-money in favor of the mortgagee, or persons claiming under him, although she did not unite in such mortgage, is settled beyond controversy. *Nutter* v. *Fouch*, 86 Ind. 451; *Keith* v. *Hudson*, 74 Ind. 333; *Fowler* v. *Maus*, 141 Ind. 47 and cases cited on p. 51 of the opinion; *Butler* v. *Thornburgh*, 141 Ind. 152. In fact, section 31 of our statutes of descent, (section 2656, Burns' R. S. 1894) provides that a widow shall not be entitled, as against a mortgage for purchase-money, to her one-third interest in the mortgaged premises. Section 2504, Burns' R. S. 1894 (2349, R. S. 1881), empowers the court to order the sale of the interest of the decedent's widow in his real estate when it is liable to sale to satisfy a lien thereon, for the pur-

pose of discharging such lien, and to order the payment to her of the gross proceeds of such sale, after satisfying such lien. *Lewis* v. *Watkins*, 150 Ind. 108.

We have seen that appellant's interest in the land in question was liable to the payment of the purchase-money mortgage, consequently, the court, upon the petition of the administrator, was fully empowered, under the statute, to order the sale of the land in question for the satisfaction of such lien. The fact that the administrator may have set up in his petition, in addition to the claim of the purchase-money mortgage lien, the alleged claims for delinquent taxes and the indemnity mortgage held by Ramsey, which the facts do not fully disclose to have been liens for the payment of which appellant's interest, as widow, was liable, and prayed also that the land be sold in satisfaction of these claims, would not enable her, in this action, to question the validity of the court's order as an entirety, and it would, at least, be binding upon her in this case so far as it directed and effected the sale of the land in satisfaction of the purchase-money lien. If the administrator sought to apply, or applied any part of the proceeds arising out of the sale of the land in payment of claims or demands for which it was not liable, the law afforded to appellant the proper remedy. The real estate in dispute appears to have been the particular tract of the decedent's land that was encumbered by the purchase-money mortgage at the time of his death.

This lien, it is alleged, still existed against the land when it was set off to appellant. The law made it the duty of the administrator, in the course of the administration of the estate, to pay off and satisfy this mortgage; and, it becoming necessary, as we must presume, under the facts, to subject this land to a sale to satisfy the lien in question, it was still liable to be sold by the

administrator upon the order of the court for that purpose. In contemplation of law, so far as it was rendered necessary to subject this real estate to the payment of this purchase-money lien, it still belonged to the estate of the decedent, although it had been set off to appellant as her interest in his lands, and the petition of Hudson to sell it, as administrator, it would appear, proceeded upon this theory. We must presume, under the averments of the answer, that this issue was tendered to appellant by the petition of the administrator to sell the real estate, and this issue, by its order and judgment, the court seems to have decided against her. The latter being a party to the petition and to the issues tendered thereby, and the court having plenary jurisdiction over her person and the subject-matter involved, she is not now in a position to collaterally assail the order of the court directing the sale of the land for the payment of the lien in controversy. *Lantz* v. *Maffett*, 102 Ind. 23; *Thomas* v. *Thompson, supra.*

The facts set up in the second paragraph of the answer being sufficient to repel appellant's collateral attack, we do not consider or determine the question relative to the five years' statute of limitations, which such facts incidentally disclose, and which question counsel have discussed in their respective briefs. The paragraphs of the answer in question were substantially sufficient, and the demurrer thereto was properly overruled.

Appellant replied to the answer in two paragraphs, each of which the court held insufficient upon demurrer. In the first paragraph of her reply, she gave the history of the administration of her husband's estate. She admitted therein the sale of the two-thirds of his real estate for the payment of claims and debts against the estate, and that the adminis-

trator instituted the proceedings to sell the real estate in dispute, and made her defendant to said proceedings, as alleged in the answer, but she avers that she had no notice of the pendency of said petition. It is also alleged that the proceedings of the sale of the two-thirds of the real estate sold by the administrator in the first instance, together with the personal property, were sufficient to have paid and discharged the lien of the purchase-money mortgage. It was not sufficient to avoid the defense which the answer interposed to this action for appellant, in her reply, to allege that she was not notified of the fact of the pendency of the proceedings to sell.

To overcome the presumption of jurisdiction of the court, over the person of appellant, she was required to allege what was shown by the record in such proceedings, in respect to the service of process upon her. *First Nat'l Bank* v. *Hanna, Admr., supra,* and cases there cited; *Bailey* v. *Rinker, supra.*

While there are matters alleged in each of the paragraphs of the reply that might have been interposed by appellant as a defense of the administrator's petition to sell the real estate here involved, still such matters are not now available to her in this action. The facts alleged in the second paragraph of the reply are similar in some respects and of like character as were those averred in the first, and this paragraph is equally as deficient as is the first, and the demurrer to each of the paragraphs of the reply was properly sustained. There is no error, and the judgment is therefore affirmed.