Nov. Term,
1858.

SMITH
v.
TALBOTT.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded with instruction to grant the injunction.

*T. L. Smith* and *M. C. Kerr*, for the bank.

*J. H. Stotsenburg* and *T. M. Brown*, for the city.

---

### SMITH *v.* TALBOTT, Auditor of State.

In 1833, *D.* purchased a lot of the agent of state for the city of *Indianapolis*, for 25 dollars, the *minimum* price, payable one-fourth in hand, and one-fourth annually thereafter, until the whole should be paid. On default of the last payment by the assignee of *D.* in *February*, 1836, the lot was forfeited to the state. In *July*, 1856, *S.* entered, under the act of 1831 (Acts, p. 83, § 5), and tendered to the auditor of state, the official successor of the agent, &c., the price at which the lot was originally appraised, and demanded a conveyance, which the auditor refused. *S.* made affidavit for a writ of mandate, setting forth the facts. The Circuit Court, on demurrer to the affidavit, refused the writ. *Held*, upon a review of the statutes, that the writ should be issued.

*Wednesday,
November 24.*

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—*Leander Smith* filed in the *Marion* Circuit Court, an affidavit, as follows:

"*Leander Smith* swears that he is informed and believes that *Hannah Devinney, February* 22, *A. D.* 1833, at the county of *Marion* aforesaid, bought of the agent of state for the city of *Indianapolis*, lot number six, in block number thirty, in said city, for 25 dollars; that she agreed to pay said sum as follows: one-fourth cash down; one-fourth in one, one-fourth in two, and one-fourth in three years from the date of purchase; or in default thereof, or of any of said payments, to forfeit said lot, and any payments she might make thereon before such default. And the said *Hannah* then and there paid said agent the said sum of 6 dollars, 25 cents, and received his certificate showing the purchase of said lot and the terms thereof. She also paid the second payment upon said lot, according to contract, on the 22d of *February*, 1834; and after the making

of said second payment, the said *Hannah* sold said lot,
and assigned her said certificate to one *John Morrow*, who,
afterwards, on the 22d of *February*, 1835, made the third
payment thereon; but the said *Morrow* failed to make said
last payment according to contract and law, and the said
lot, then and there, to-wit, on the 23d day of *February*,
1836, became, and was, forfeited to the said state of *Indiana*. And the said *Smith* further swears that he is informed and believes that upon the said failure of said
*Morrow* to make said last payment, and the forfeiture
thereof, said lot became, and thenceforward has remained,
in the state of *Indiana*, subject to entry at minimum price,
fixed upon the same by the proper officers of said state
prior to the sale thereof to said *Hannah Devinney* as aforesaid, which said minimum was 25 dollars, by the person
first offering to pay said price for the same.

And the said *Smith* further swears that all the papers,
books, plats, and other documents, formerly kept by the
agent of state for the city of *Indianapolis*, in reference to
lots therein, have been, and were before the 10th day of
*July*, 1856, duly transferred to the custody of the auditor
of state, for the said state of *Indiana*, and still remain in
his custody; and that he verily believes said auditor is now
intrusted by law with all the powers and functions in regard to the property of the state of *Indiana*, in lots in the
city of *Indianapolis*, formerly belonging to said agent of
state for said city of *Indianapolis;* and that, acting upon
this information and belief, he, the said *Leander Smith*, to-wit, on the 10th day of *July*, 1856, went before *Hiram E.
Talbott*, auditor of state as aforesaid, in his office and regular place of transacting the business of said office, and
then and there proposed and offered to enter and purchase
said lot, at the minimum price thereof aforesaid; and
there being, then and there, no other person desirous of
purchasing said lot present, he, said *Smith*, did, then and
there, insist upon his right to make said purchase and
entry; and did, then and there, tender and offer to pay said
auditor the sum of 25 dollars, in cash, for said lot, (which
sum said auditor then and there received, and still retains,)

and then and there demanded of said auditor that he should execute and deliver to him, as the purchaser of said lot, a certificate, deed, or other competent evidence of said purchase, and of the payment of said purchase-money, viz., 25 dollars, and that said lot was vacant, and the minimum price thereof.

But said *Smith* says that the said auditor then and there refused, and has, at all times since, refused, and still refuses to execute said certificate, deed, or other evidence, &c., as in pursuance of the statute, &c., he is bound to do, by which refusal, &c., the affiant has been precluded from obtaining title, &c.

Wherefore, he asks the Court, by the writ of mandate, to compel said auditor to make and deliver said certificate, deed, &c."

Signed and sworn to by *Leander Smith.*

To this affidavit, treated as a complaint, a demurrer was filed, assigning for cause, that facts sufficient to authorize the issue of a mandate were not stated. The demurrer was sustained and the mandate denied.

We think this case presents a proper subject-matter for the writ of mandate. We know of no other adequate specific remedy. See Am. Law. Reg. vol. 6, p. 589.

The demurrer admits the facts stated in the complaint. Are those facts sufficient to entitle the complainant to relief?

The 5th section of the act of *February* 5, 1831, Gen. Laws, p. 83, provides that "Every purchaser of any lot hereby authorized to be sold, shall, at the time of making said purchase, pay to the agent one fourth part of the purchase-money, the residue to be paid in three equal annual installments; and if any of the payments shall not be made on the days they respectively become due, the lot and the money paid thereon shall be forfeited to the state, * * * and the same may thereafter be subject to reëntry by any person offering to pay the price at which such lot or lots were appraised," &c.

Section 6, provides that the agent shall register the number of the lot, name of purchaser, amount of purchase-mo-

ney, and the times the installments shall become due; and shall give the purchaser a certificate stating these facts, and that the lot and money will be forfeited upon failure to pay any of the installments; and provides for a deed upon full payment.

Section 7, provides that if any lot remains unsold after offer at public sale, the agent may dispose of the same at private sale at the minimum price.

The act of *February* 2, 1832, Gen. Laws, p. 99, §§ 1, 2, provides for the sale of all lots not reserved for some special purpose.

Section 3, provides that said sales shall be upon the same terms, conditions, and restrictions as are contained in §§ 5, 6, of the act of *February* 9, 1831, above quoted.

Section 4, provides for private sale at minimum price on the same terms as above specified.

The act of *May* 27, 1852, 1 R. S. p. 150, § 17, says that the auditor of state "shall do all acts necessary to be performed in relation to the business heretofore performed by the agent of the town of *Indianapolis*."

We do not think it necessary to do more than refer to these statutes. The complaint shows the sale of the lot at 25 dollars, the minimum price; the failure to pay it by the purchaser, as the installments became due; the forfeiture and reversion of the lot to the state; the legal right to enter; the tender of the money and demand a certificate or deed of purchase, and the refusal of the officer. It is a plain statutory duty, admitted fully by demurrer, which the auditor is bound to perform.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with instructions to issue the writ of mandate.

*H. O'Neal, J. W. Gordon, W. M. Mc Carty*, and *G. Tanner*, for the appellant.

*H. E. Talbott*, in person, and *J. E. McDonald*, attorney general, for the appellee.