Gage *v.* Clark.

*Peelle & Wilson,* for the appellee.

---

| | |
|---|---|
| 22 | 163 |
| 136 | 110 |
| 22 | 163 |
| 170 | 580 |

## Gage *v.* Clark.

JURISDICTION—WAIVER.—The provision that a defendant shall not be sued out of his township is for his personal advantage, and may be waived. Jurisdiction of the person, but not of the subject matter, may be conferred by consent.

PLEADING.—A complaint to enjoin the collection of a judgment rendered by a justice of the peace should show that the judgment was rendered without the defendant's consent, where the alleged error consists in the residence of the defendant in another township, and should contain a transcript of the proceedings before the justice, or at least a full statement of them.

APPEAL from the *Lagrange* Common Pleas.

PERKINS, J.—This was a suit in the Common Pleas to vacate a judgment rendered before a justice of the peace, and

Gage *v.* Clark.

to obtain a temporary injunction restraining the collection of the judgment by execution.

The gravamen of the complaint was that the judgment was rendered against a resident of a different township of the county from that in which the judgment was rendered, there being, at the time, a justice in the township of the defendant.

The complaint did not give a transcript of the judgment and proceedings before the justice, nor state whether the judgment was rendered upon default or otherwise.

The Court granted a temporary injunction. At the next term the defendant answered, without oath, alleging that the judgment was rendered by confession; and then moved to dissolve the injunction, and it was dissolved.

The plaintiff appealed.

It is claimed that the Court erred in dissolving the injunction without written notice of the motion for dissolution having been duly given to the plaintiff.

The code provides, sec. 152, p. 59, that motions to dissolve or modify injunctions may be made in open Court, at any time after reasonable notice to the opposite party, which notice, by another section, is required to be in writing. 2 R. S. p. 222, § 792.

The answer in this case not being verified, and being unaccompanied by affidavits of extrinsic facts which might have furnished a ground for dissolution, constituted no basis for a motion to dissolve.

But the complaint itself was utterly insufficient to justify the original grant of the injunction.

The provision in the statute that a defendant shall not be sued out of his township is for his personal advantage, and may be waived. Jurisdiction of the person may be conferred by consent, not of the subject matter. A complaint, therefore, to enjoin such a judgment should show that the judg-

ment was rendered without the defendant's consent. A transcript should have been filed with the complaint; or, at all events, a full statement of the proceedings resulting in the judgment. Again, the modes of vacating judgments in the higher Courts are pointed out by statute, and must be severally followed. *McQuig* v. *McQuig*, 13 Ind. 294. And as it is a general rule that the practice in the Superior Court governs before justices in the absence of special statutory provisions, it may not be improbable that the statutory modes of vacating judgments prevail before justices.

As the injunction was erroneously granted, this Court will affirm the order dissolving it with costs.

*Per Curiam.*—The judgment is affirmed accordingly.

*J. M. Flagg*, for the appellant.

*A. Ellison*, for the appellee.