Taggart *et al. v.* The State, *ex rel.* Washington Township.

———————•———————

TAGGART ET AL. *v.* THE STATE, EX REL. WASHINGTON TOWNSHIP.

OFFICIAL BOND.—*County Treasurer.*—*Relator.*—An action on the official bond of a county treasurer, for a failure to pay over as required by law money in his hands as treasurer belonging to a township, should be prosecuted on the relation of the auditor of the county.

From the Brown Circuit Court.

*F. T. Hord,* for appellants.

*W. R. Harrison* and *W. S. Shirley,* for appellee.

DOWNEY, J.—Suit by the appellee against the appellant, Taggart, treasurer of Brown county, and a part of the other appellants, his sureties, on his official bond.

The complaint alleges the execution of the bond on the 19th day of December, 1872, and sets out the condition, which recites, that Taggart was elected for a term of two years from the 9th day of September, 1871. It is then alleged, that afterward, on the 23d day of December, 1871, certain other persons, the residue of the appellants, executed and acknowledged the bond, as additional sureties thereto. One or the other of the above mentioned dates must be wrong.

There are five breaches of the condition of the bond assigned. In the first, it is alleged, that on the 15th day of June, 1872, by a settlement between the auditor of the county and the trustee of Washington township, there was due and in the hands of Taggart, as treasurer, of common school revenue, one thousand nine hundred and ninety-five dollars and seventy-

two cents, belonging to the township; that on the same day the auditor drew his warrant on the treasurer for said sum, and delivered the same to the trustee, and a copy of the warrant is set out in the complaint. It is then alleged, that on the 6th day of August, 1872, and on divers other days and times before the commencement of this action, Lewis J. Tull, the trustee of the township, demanded payment of the warrant of Taggart, as treasurer, at his office, in, etc., which was refused.

The second, third, fourth, and fifth breaches are the same as the first, except that they relate to the township tax, the road tax, the dog tax, and the special school tax, respectively, and differ in amount.

By agreement, all matters of defence were given in evidence under the general denial. The trial was by the court. There was a finding for the plaintiff. A motion for a new trial was overruled, and there was final judgment for the amount of the finding.

It is assigned as error, that the complaint does not state facts sufficient to constitute a cause of action, and that the court improperly refused to grant a new trial.

In the case of *Taggart* v. *The State, ex rel. Jackson Township, ante,* p. 42, we decided, that a township holding an order or warrant on the treasury of the county, issued after a treasurer had gone out of office, and after the appointment of a successor, could not maintain an action on its relation, on the bond of the treasurer who had gone out of office, but that the action must be brought on the relation of the county auditor. The question in this case is not quite the same.

It is urged by counsel for the appellant, that the action in this case cannot be maintained on the relation of the township, but should be on the relation of the county auditor. It is enacted, that the revenue collected for county, road, and other purposes, shall be paid over, and settlement therefor made, as may be provided in the several acts and sections relating thereto and to the duties of the county auditors and treasurers. Also, if any such county treasurer shall refuse

or neglect to pay over all moneys as provided herein, he and his sureties shall be held liable to pay the full amount which he should have paid over, together with interest and ten per centum damages. And again, it is enacted, that, in any such case, the county auditor, on being instructed to that effect by the Auditor of State, or by the board of county commissioners, shall cause suit to be instituted against such county treasurer and his sureties; and no stay of execution or appraisement of property shall be allowed on a judgment rendered or execution issued in such suit. 1 G. & H. 102, secs. 125, 127, and 128. We think the case must be governed by this statute. There is no statute which expressly authorizes a person holding a county order or warrant to sue the treasurer on his bond for not paying it; and it is a question whether he can do so. But we need not decide this question in the case under consideration. *Snyder* v. *The State, etc.,* 21 Ind. 77, is in accordance with our ruling in this case.

The judgment is reversed, with costs, and the cause remanded.

PETTIT, J., dissents.