### WILLEY v. KOONS, TREASURER.

TAX.—*Purchaser of Land Belonging to Congressional Township Fund.*—Prior to the passage of the act of December 21st, 1872, Acts 1872, p. 57, the purchaser of land belonging to the congressional township fund was not, under

the sixth clause of section 6, 1 G. & H. 70, liable for taxes assessed upon said land before it had been conveyed to him.

From the Clark Circuit Court.

*M. C. Hester,* for appellant.

Downey, J.—Suit by appellant against appellee. On demurrer to the complaint, it was held bad, and this ruling is the error assigned.

Counsel for the appellant states the facts and the question arising thereon as follows: "The facts averred in the complaint are briefly these: In 1870, certain real estate belonging to the congressional township fund, and situated in both Clark and Washington counties, was offered for sale, in compliance with the requirements of the statute, by the auditor of Washington county, and was purchased at said sale by appellant; appellant has made his payments thereon as the statute provides, but has not made full payment therefor, and has not received a deed for the land. Notwithstanding this, the auditor of Clark county has placed on his tax duplicate so much of the said land as lies in Clark county, and has assessed the same for taxation against the appellant. The appellee, as treasurer of Clark county, is now threatening to collect the said taxes by distress and sale of appellant's personal property. Appellant prays that the appellee be enjoined from the collection of the said taxes from appellant.

"Is the purchaser of land belonging to the congressional township fund liable for taxes assessed upon such land before it has been conveyed to him? This is the question presented by the demurrer to the complaint. The circuit court held the affirmative of this question to be the law. The appellant claims that in this ruling the circuit court was in error."

There is no brief for appellee.

The appellant urges that he is not bound to list the lands and pay taxes thereon, because he is not the owner thereof, as he must be by 1 G. & H. 70, sec. 10. Counsel for appellant says,

that the appellee claims that the land is taxable by the eighth section of the same act.

The tenth section reads as follows :  " Every person of full age and sound mind, not a married woman, shall list the real and personal property, subject to taxation, of which he is the owner, situate or being in the county in which he resides," etc.

The eighth section reads thus :  " Lands sold by the State, including lands forfeited to the sinking fund, university fund, and all other trust funds, though not granted or conveyed, shall be assessed in the same manner as if actually conveyed."

In the sixth section of the act, among the lands exempt from taxation, are " all lands granted for the use of common schools, so long as the same shall remain unsold."

Lands belonging to the congressional township fund are not sold by the State, and do not fall within the provisions of the eighth section.   They are sold, according to the statute (1 G. & H. 548, et seq.), by the county officers. ` According to this statute, the purchaser only acquires the title and becomes, in a legal sense, the owner of the land when he has paid all the purchase-money, and received a deed.   Sec. 55, p. 551.

As a general rule, the statute looks to the legal owner as the party by whom the lands in the State are to be listed, and to whom they are to be charged for taxation.   Overstreet v. Dobson, 28 Ind. 256.

The clause of the sixth section which we have quoted, exempts these lands from taxation until they shall be sold, and by that, we think, is meant until they are conveyed.

Looking to the act of December 21st, 1872, Acts 1872, p. 57, which was not in force so as to affect the question involved in this case, we find that sec. 9 of that act is the same as sec. 8 above quoted ; and yet, by the twenty-first section of that act, it is provided as follows :  " When real estate is exempt in the hands of the holder of the fee, and the same is contracted to be sold, the amount paid thereon by the purchaser, with the enhanced value of the investment and improvement thereon until the fee is conveyed, shall be held to be personal

property, and listed and assessed as such, in the place where the land is situated."

It seems probable that this section was intended to cover cases, like the one under consideration, which were found not to have been provided for in the former law.

We think the court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.