HENDERSON, AUDITOR OF STATE, *v.* THE STATE, EX REL. OVERMAN.

TAX.—*Congressional Township School Lands Held on Certificate of Sale.*— Congressional township school lands, which have been sold to one who has paid part of the purchase-money, and has received from the county auditor a certificate of purchase entitling him to a conveyance of the land upon full payment of the purchase-money with interest on the unpaid balance thereof, are not subject to taxation as land before such conveyance, and while the title is held merely by such certificate.

SAME. — *Repayment of Illegal Tax.* — *Auditor of State.* — *Mandate.* — Where taxes on land, the title of which is so held, have been wrongfully assessed and paid, and said purchaser has presented to the auditor of state a properly authenticated certificate of the board of county commissioners of the county wherein such land is situated, that he has been illegally assessed, and has illegally paid taxes on said land for state, school and sinking fund purposes to a certain amount, which has been duly paid to the treasurer of state, and received into the state treasury, and said purchaser has requested said auditor of state to audit such claim and issue a warrant to the treasurer of state for the payment thereof, and the auditor of state has refused to comply with such request, he may be required to do so by a writ of mandate.

From the Marion Civil Circuit Court.

*C. A. Buskirk*, Attorney General, and *R. D. Doyle*, for appellant.

*Richmond & Moore, Overman & Beauchamp, J. Brownlee* and *H. Brownlee,* for appellee.

BIDDLE, J.—The relator avers, in his complaint, that, in 1865, he purchased of the proper officers of Tipton county a certain piece of land, described, lying in said county of Tipton, and being a part of the congressional township school lands; that, at the time of the purchase, he paid one-fourth of the purchase-money, the balance of which was to be paid in twenty-five years, with interest; that he received from the auditor of Tipton county a certificate of purchase, as prescribed by law, entitling him to a conveyance of said lands upon full payment of the purchase-money; that said lands have not been conveyed to him or any other person. That after he so purchased said lands, and received said certificate therefor, the proper officers of Tipton county listed said lands for taxation as other lands are listed, and assessed taxes against them, which taxes he has paid to the treasurer of Tipton county, in pursuance of said authority. He also produces and makes a part of his complaint, a certificate of the board of commissioners of Tipton county, that he had illegally been assessed, and had illegally paid taxes on said lands for state, school and sinking fund purposes, to the amount of twenty dollars and sixty cents, which amount had been duly paid to the treasurer of the State of Indiana, and received into the treasury thereof; that, before the commencement of this suit, on the 3d day of February, 1876, he presented said certificate of said county board, showing that he had so illegally paid said taxes on said land, all of which was properly authenticated, to the Hon. Ebenezer Henderson, then and still the auditor of the State of Indiana, and requested of him that he would audit said claim, and issue his proper warrant to the treasurer of state for the payment thereof, which said request said Henderson wholly refused to comply with. Prayer for a writ of mandate against the auditor to compel the issuing of said warrant.

The appellant demurred to the complaint for want of a statement of sufficient facts. His demurrer was overruled;

he excepted, and abided by his demurrer; upon which the court decreed a writ of mandate, as prayed.

That such lands as those described in the complaint, while the title is held by the purchaser merely by a certificate of the county auditor, were not taxable under a former statute, has been decided in the case of *Willey* v. *Koons*, 49 Ind. 272.

Whether the amount paid by the purchaser, with the enhanced value of the investment and improvement thereon, could be taxed as personal property, under section 21 of the act approved December 21st, 1872 (Acts of 1872, Spec. Sess. 62), we do not decide, as the question is not before us; but we are of opinion that the land, as such, cannot be lawfully taxed.

Has the appellee pursued the proper remedy? is the next question to be considered.

The act touching taxes wrongfully assessed and collected, approved March 2d, 1853, 1 G. & H. 110, is as follows:

"Sec. 1. That in all cases where any person or persons, body politic or corporate shall appear before the board of commissioners of any county in this State, and establish by proper proof that such person, body politic or corporate has paid any amount of taxes which were wrongfully assessed against such person, body politic or corporate, in such county, it shall be the duty of said board to order the amount so proved to have been paid, to be refunded to said payer from the county treasury, so far as the same was assessed and paid for county taxes.

"Sec. 2. In all cases where a portion of the amount so wrongfully assessed and paid shall have been for state purposes, and shall have been paid into the state treasury, it shall be the duty of the said board of commissioners to certify the amount so proven to have been wrongfully paid to the auditor of state, under the seal of said board of commissioners, and the auditor of state shall thereupon audit the same as a claim against the treasury, and the treasurer of state shall pay the same out of any moneys not otherwise appropriated."

This act does not provide, in terms, that the writ of mandate shall be the proper remedy against the auditor in such cases, but writs of mandate may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust or station. Sec. 739, 2 G. & H. 322.

A writ of mandate is the proper remedy for the state to compel an officer to perform a public duty. *Hamilton* v. *The State, ex rel. Bates,* 3 Ind. 452. The auditor of state may be ·compelled by a writ of mandate to issue a certificate, or deed, to the purchaser of a lot from the agent of the state, when the purchaser has tendered the money, has a legal right to possession, and has made the proper demand. *Smith* v. *Talbott,* 11 Ind. 144. See, also, *Shoemaker* v. *The Board of Commissioners, etc.,* 36 Ind. 175.

The act, the performance. of which was sought to be compelled by the mandate, in the case before us, is one which the law specially enjoins upon the auditor of state, according to the second section of the statute above cited, and a duty resulting from his office. It is a ministerial, and not a judicial act, and we know of no remedy provided by law to relieve the appellant, except the one he has sought in this proceeding. We are of opinion that the complaint is sufficient, and that there is no error in the record.

The judgment is affirmed, with costs.