### YATER ET AL. *v.* THE STATE, EX REL. THE BOARD OF COMM'RS, ETC., ET AL.

VENUE, CHANGE OF.—*Twice from County by Same Party.—Jurisdiction.—Estoppel.— Waiver.*—Where a change of venue from the county has been twice taken by the same party, in the same action, and, without objection to its jurisdiction over him, he appears to the action in the court to which the last change was taken, and by which it was tried, he can not afterward question the jurisdiction over him of any of the courts in which the cause was pending, or of the judges presiding therein.

COUNTY TREASURER.—*Action on Bond.—County Auditor.—County Commissioners.*—An action by the State, on the bond of a county treasurer, can be brought only on the relation of the county auditor, the board of commissioners not being a proper co-relator.

From the Switzerland Circuit Court.

*E. G. Durbin, W. D. Willson, S. M. Jones, E. P. Ferris, A. C. Downey* and *W. W. Spencer,* for appellants.

*H. W. Harrington* and *J. K. Thompson,* for appellees.

BIDDLE, C. J.—Complaint against the appellant, the county treasurer of Ripley county, and his sureties, brought

by the State of Indiana, on the relation of the Board of Commissioners of Ripley county, and Philip Seelinger, auditor of Ripley county. The suit was commenced in the Ripley Circuit Court.

A change of venue was first taken from the judge, by the appellants, and afterwards from the county of Ripley, and the case sent to the county of Jefferson.

The appellants next moved for a change of venue from Jefferson county, which, over the objections and exceptions of the relators, was granted, and the case sent to Switzerland county.

The appellants appeared to the action in the Switzerland Circuit Court, before judge Allison, who was appointed by judge Berkshire to hold the Switzerland Circuit Court, entered into trial of the case, conducted the proceedings to the final judgment against them, from which they appeal to this court, without making any objection to the jurisdiction of the court or the appointment of the judge.

The appellants, in the Ripley Circuit Court and in the Jefferson Circuit Court, made many objections, and took various exceptions, to the jurisdiction of the court and the appointment of the judge therein, which we do not state particularly nor carefully examine.

The action is transitory; the Switzerland Circuit Court had jurisdiction over the subject-matter, and the appearance and trial therein by the appellants, without objection, gave the court jurisdiction over their persons. It has, therefore, become immaterial how many errors, as to the jurisdiction over the parties, were committed in the case, during its journey from the Ripley Circuit Court to the Switzerland Circuit Court; they were all healed by the appearance and trial in the Switzerland Circuit Court without objection. The appellants sought their own forum, submitted to the jurisdiction of the court, and tried the case. It is now too late for them to complain of previous errors as to jurisdiction. *Vanschoiack* v. *Farrow*, 25 Ind. 310; *Brady* v. *Richardson*, 18 Ind. 1; *Gage* v. *Clark*,

22 Ind. 163; *Bagott* v. *Mullen,* 32 Ind. 332; *Burnside* v. *Ennis,* 43 Ind. 411.

Whether the relators might not have successfully complained of the change of venue from the Jefferson Circuit Court to the Switzerland Circuit Court, over their objections and exceptions, is a question not before us.

In the Ripley Circuit Court, the appellants demurred to the complaint, and assigned various grounds of demurrer; amongst them, that it did not state facts sufficient to constitute a cause of action. We think this ground of demurrer was well taken, and ought to have been sustained, but the court overruled it, and appellants excepted to the ruling. The case is brought in the name of the State of Indiana, on the relation of the board of commissioners of the county, and also on the relation of the county auditor. The county auditor alone is the proper relator in such cases. 1 R. S. 1876, p. 155, sec. 12; *Snyder* v. *The State, ex rel.,* etc., 21 Ind. 77; *Taggart* v. *The State, ex rel.,* etc., 49 Ind. 47; *Taggart* v. *The State, ex rel.,* etc., 49 Ind. 49; *Neal* v. *The State, ex rel.,* etc., 49 Ind. 51.

The appellees insist, that "the board of commissioners is a proper relator, upon principle and under the statute, and ask the court to review some very technical decisions heretofore made, which involve no substantial right." We cannot perceive wherein the decisions cited are "very technical." The statute plainly requires, that the county auditor shall be the relator in such a case; and we can see no more difficulty in ascertaining the right relator in a case than the right plaintiff. The complaint in this case does not state facts sufficient to constitute a cause of action in favor of the board of commissioners and the county auditor. It is therefore insufficient.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings.

Petition for a rehearing overruled.