7L 709
10L 542
2pi.208

THE STATE ex rel. A. G. SHARPE v. A. G. W. PUCKETT, County Judge.

1. MANDAMUS. *County judge. Abatement. Costs.* In *mandamus* proceedings to compel a county judge to issue a warrant for the bill of costs of a witness, the object of the suit is to assert a right against the county, through its financial agent, and the expiration of the term of office of the defendant pending the proceedings will not abate the suit, and no revivor against the successors in office is necessary.

2. COUNTY JUDGE. *Powers. Costs.* The county judge has no authority to revise a bill of costs properly adjudged against the county, taxed, examined and certified according to law.

---

FROM HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

L. B. HEADERICK for Sharpe.

DODSON & MOON for Puckett.

COOPER, J., delivered the opinion of the court.

*Mandamus* to compel the defendant, as county judge, to issue his warrant on the county trustee for $10.20, the costs of a witness in a misdemeanor case, adjudged to be paid by the county, properly taxed, examined and certified in accordance with the provisions of the Code, sec. 527. The defendant, when the bill of costs was presented to him as county judge, conceived that part of the items were not legally chargeable to the

county, and cut down the amount to three dollars, instead of moving the trial court for a correction of the taxation as prescribed by the Code, sec. 528. Thereupon, the present proceeding was instituted. The defendant filed an answer to the alternative writ, contesting the legality of the items of the bill of costs. Afterwards, he filed a plea in abatement that his term of office had expired, and that a new county judge had been elected in his place. Still later, as the minutes of the court show, he suggested and proved in open court the expiration of his term of office. Subsequently, the cause was set for hearing on a particular day by consent of parties, and heard, as the judgment recites, "upon all the papers, records and proceedings in the cause." His Honor, the circuit judge, was of opinion that the defendant had no authority to change the bill of costs, the judgment of the circuit court being conclusive upon him, but dismissed the petition at the relator's cost upon the ground that the defendant had gone out of office, and that the relator's counsel declined to revive the suit against his successor. These latter facts do not appear in the bill of exceptions, but the bill of exceptions fails to show that it contains all the evidence.

Conceding the facts to be as stated in the judgment, the question is whether the suit is against the individual or the office. If against the individual, the peremptory *mandamus* could not run against him because it was no longer in his power to obey its mandate, nor against his successor who was not before the court, nor shown to have refused to discharge his

duty: *Secretary* v. *McGarrahan,* 9 Wall., 298.   If, on the other hand, the proceeding be against the office for the performance of a duty devolving upon it, irrespective of the incumbent, and to enforce a right against the county through its financial agent, then the proceedings do not abate by the expiration of the term of office of the defendant: *Thompson* v. *United States,* 24 Alb. L. J., 89, Sup. Court U. S.; *People Collins,* 19 Wend., 56.   Our own cases are in accord upon the principle: *Polk* v. *Plummer,* 2 Hum., 500; *Maury County* v. *Lewis County,* 1 Swan, 236; *Felts* v. *M. & A. of Memphis,* 2 Head, 650; *Ezell* v. *Justices,* 3 Head, 586; *Dawson* v. *Clark,* 3 Sneed, 439.

The suit is undoubtedly to assert a right against the county by obtaining a warrant on its treasury from the proper officer, the county judge.   The answer of the defendant admits that he changed the amount of the bill of costs by striking out items on his own motion.   However pure his motives, the act was without any authority of law.   The findings of the trial judge are sustained by the evidence contained in the bill of exceptions, while he is in error in his conclusion of law.   The suit did not abate by a change in the person of the county judge, nor was it necessary to revive the suit formally against the successor.   The relator is entitled to a peremptory *mandamus* against the county judge for the time being to compel him to issue a warrant for the costs as adjudged in the misdemeanor suit.   The court might charge the defendant individually with the costs for the violation of his duty: *Ingersoll* v. *Howard,* 1 Heis.,

247. But inasmuch as there can be no doubt of the good faith of the defendant, and that he was contesting the relator's right, for the benefit of the county, and inasmuch as we now hold that the proceeding is virtually against the county, we think the county should pay the costs.

The judgment below will be reversed, and a peremptory *mandamus* issued against the county judge for the time being to issue his warrant for the amount due the relator, and the costs of the cause.