##### IN THE

# Supreme Court of Judicature

##### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1900, IN THE EIGHTY-FOURTH AND EIGHTY-FIFTH YEARS OF THE STATE.

---

WOOD, TREASURER, *v.* THE STATE, EX REL. SEILER, TREASURER.

[No. 19,076. Filed May 11, 1900. Rehearing denied June 5, 1900.]

MANDAMUS.—*Alternative Writ.—Joinder of Issues.*—The right to an alternative writ of mandate may exist independently of the ability to prove it, and the fact that a county order was indorsed as paid will not defeat an action for an alternative writ of mandate to require the county treasurer to pay the order, since under the provision of §1185 Burns 1894 issues of law and fact may be joined as in civil cases. *pp. 4, 5.*

SAME.—*Laches.*—The mere delay of sixteen months after the action accrued in applying for a writ of mandate to compel a county treasurer to pay an order on a particular fund cannot be considered unreasonable, or laches of such a character as will alone defeat the action. *pp. 5, 6.*

COUNTIES.—*Treasurer.—State School Fund.*—In the receipt and disbursement of the State school funds a county treasurer exercises a State function, and an action cannot be maintained against the county for the recovery of such funds. *pp. 6, 7.*

MANDAMUS.—*County Treasurer. — Demand. —* Where in an action against a county treasurer for an alternative writ of mandate to require the payment of an order the term of the treasurer against

Wood, Treas., *v.* State, *ex rel.*

whom the action was brought expired and his successor was substituted as the party defendant, the petition need not allege a prior demand upon the substituted defendant.  *pp. 7, 8.*

MANDAMUS.—*Alternative Writ.—Joinder of Issues.*—In an action for an alternative writ of mandate to require a county treasurer to pay a balance alleged to be due on an order on the State school fund, an answer by defendant that the order was marked paid by his successor and deposited with the county auditor as a canceled order, that payment was asserted on one side, and denied on the other, as to such alleged balance, and that defendant could not safely pay same until the amount unpaid, if any, was first determined, in an action for that purpose, constitutes a complete defense to such proceeding.  *pp. 9-13.*

SAME.—*Evidence.—County Treasurer.— County Order.*—In the trial of an action for a writ of mandate requiring a county treasurer to pay a balance alleged to be due upon an order on a particular fund, the court erred in excluding the testimony of a witness tending to prove that there was no money in the treasury at the time demand for payment was made that could be used in payment thereof.  *pp. 13, 14.*

SAME.—*Evidence.— Presumption.— County Treasurer.*—In an action for a writ of mandate to require a county treasurer to pay a balance alleged to be due upon a county order on a particular fund, it cannot be conclusively presumed against a successor in office that the money remained in the treasury until paid out according to law.  *p. 14.*

SAME.—*Pleading. — Argumentative Denial.* — An answer in a mandamus proceeding to require a county treasurer to pay a balance alleged to be due upon an order on a particular fund, traversing the averment of the complaint that such sum, or any sum, was unpaid upon the order, and also that the money liable for the payment was in the treasury at the time the demand was made, was good as an argumentative denial, and, in the absence of a general denial, a demurrer thereto was properly overruled.  *pp. 14, 15.*

From the St. Joseph Circuit Court.   *Reversed.*

*C. W. Miller, J. S. Drake, L. W. Vail* and *E. A. Dausman,* for appellant.

*J. M. Van Fleet* and *V. W. Van Fleet,* for appellee.

HADLEY, C. J.—Cyrus Seiler, as treasurer of the school city of Elkhart, on the 4th day of October, 1898, filed in the Elkhart Circuit Court his verified petition and motion for an alternative writ of mandate directed against Delos N.

Weaver as treasurer of Elkhart county to compel the latter to pay to the former the sum of $5,900 alleged to be the unpaid balance of three certain orders drawn by the auditor of Elkhart county on the 2nd day of June, 1897, in favor of a former treasurer of said school city, for money due said school city. The case was sent on change of venue to the St. Joseph Circuit Court. The official term of Weaver, as treasurer of Elkhart county, expired December 31, 1898, and appellant, Wood, succeeded to the office January 1, 1899. Wood was thereupon substituted, in his official capacity, as the sole defendant. Wood's demurrer to the complaint and alternative writ was overruled. He then, for return to the alternative writ, answered in two paragraphs. To the first paragraph of answer appellee's demurrer was overruled, and to the second paragraph sustained. Reply to first paragraph of answer, trial by jury, verdict for appellee for $6,133, and judgment for the issuance of a peremptory writ of mandate.

Error is assigned upon the action of the court in overruling appellant's demurrer to the complaint and alternative writ, and in sustaining appellee's demurrer to the second paragraph of answer, and in overruling appellant's motion for a new trial. Appellee assigns as cross-error the overruling of the demurrer to the first paragraph of answer.

The complaint and alternative writ in substance allege that, in May, 1897, the auditor of Elkhart county made and entered of record in his office a distribution of money then in the county treasury due to the school city of Elkhart; that the distribution as made was correct, and distributed to said school city the sum of $15,194.67; that, on the 2nd day of June, 1897, said auditor issued his certain three orders upon the treasurer of Elkhart county for the said sum of $15,194.67, payable to Finn, then the treasurer of the school city of Elkhart, copies of which orders are set forth; that Finn at once delivered the orders to Holderman, the then treasurer of the county; that Holderman paid Finn

on the orders $9,294.67, and no more, leaving the sum of $5,900 unpaid, and which is still unpaid; that Holderman, at the time, stamped on the face of each order: "Paid June 3, 1897. William H. Holderman, Treasurer of Elkhart county"; that the relator, having been previously elected and qualified as treasurer of the school city of Elkhart, on the 4th day of October, 1898, and before the commencement of this suit, presented to the defendant, Weaver, as the then treasurer of the county, the said three orders so issued to Finn, and demanded thereon the payment of $5,900, which the defendant, Weaver, refused to pay; that, at the time said orders were issued, there was, and still is, in the treasury of said county money liable for the payment of said claim sufficient to satisfy the same in full. Prayer for an alternative writ commanding the defendant to pay the $5,900, or show cause, and, upon failure to show good cause, that a peremptory writ issue.

The right to mandamus is ably and earnestly contested, the contention being that the complaint does not disclose such a clear and certain right to receive, on the one hand, or such plain and manifest duty to pay the sum demanded, on the other, as will warrant the issuance of the peremptory writ; that the indorsement of the orders as paid by a former treasurer, as required by §7998 Burns 1894, presented such grave doubt of a balance remaining unpaid as to justify a refusal to pay the demand until determined by some proper tribunal.

Mandamus is generally a proper remedy against a ministerial officer to require the performance of an act connected with the liability of the government, when there is no other adequate legal remedy, the demand definitely fixed, the government itself clearly liable, and the officer refuses to act. *Ingerman* v. *State*, 128 Ind. 225; *State* v. *Snodgrass*, 98 Ind. 546; *Henderson* v. *State*, 53 Ind. 60; *Hamilton* v. *State*, 3 Ind. 452, 457; *Burnsville Turnpike Co.* v. *State*, 119 Ind. 382, 384; *Rice* v. *State*, 95 Ind. 33; *State* v. *Coop-*

*rider*, 96 Ind. 279; High Ex. Leg. Rem. §§100-117; Moses on Mand. p. 135.

It is the right exhibited, as contradistinguished from the evidence in support of it, that must be clear and certain. It will not do to say, as seems to be contended, that the right must be held in abeyance until the facts essential to its support have been first established before some proper officer or tribunal. The right may exist independent of the ability to prove it, and, when the relator exhibits a state of facts that entitles him to the alternative writ, if true, it is the duty of the court to award it; and, upon the return thereto, "issues of law and fact may be joined and like proceedings shall be had for the trial of issues and rendering judgment as in civil actions." §§1185, 1186 Burns 1894, §§1171, 1172 R. S. 1881 and Horner 1897.

At common law, the return to the alternative writ was conclusive as to the facts in that proceeding, and the sole remedy of the petitioner was to sue the defendant for a false return; but the right to traverse the return, form and try issues of fact, in all cases, is clearly contemplated by the statute, *supra,* and there can be no other purpose or end accomplished by the trial of issues than the judicial determination thereby whether a peremptory writ should issue in the particular case.

To entitle him to the writ, the relator was required to show: (1) That he had an interest in the subject-matter; (2) that the orders in controversy were in part unpaid; (3) that the amount unpaid was fixed and certain; (4) that there was sufficient money in the treasury liable to the payment, and (5) a prior demand and refusal of the defendant to pay. If these things were well pleaded, they constitute a *prima facie* case which is sufficient to withstand a demurrer for want of facts. *Board, etc.,* v. *State,* 61 Ind. 379, 386.

It is insisted that mandamus will not lie to enforce a stale claim, and that the complaint is bad for showing a lapse of sixteen months after the action accrued before any step was

taken by appellee to enforce it. As a rule, the question of laches, which falls short of the period of limitation for such actions, in the absence of averments showing that the present assertion of the right will in some way injure the defendant, can not be raised by demurrer. It is true, when it appears either from the complaint or answer that the plaintiff has slept upon his rights for an unreasonable time, relief by mandate, as a general rule, will be refused; but the mere delay for the time mentioned can not be considered as unreasonable, or laches of such a character as will alone defeat the action.

It is insisted that the complaint is bad for the further reason that appellee had an adequate remedy at law in a suit against the county. We do not think so. The basis of such right, or the form of the action, has not been pointed out, and we are unable to perceive any. The county, as such, has no beneficial interest in, or control over, the fund against which the orders were drawn. It occupies no fiduciary relation thereto. It is charged with no duty in respect to its disbursement or security. The money was placed by the State in the hands of the county treasurer under §5970 Burns 1894, and distributed to the school city of Elkhart by the county auditor under §5973 Burns 1894.

The county treasurer, in the receipt and disbursement of this fund, was exercising a State function, and in no sense was he such an agent of the county as will make the latter responsible for his acts. As was said in *Vigo Township* v. *Board, etc.,* 111 Ind. 170, at page 173: "In exercising these duties the officers exert a power delegated immediately to them by the State, for the benefit of all citizens who are affected by the sovereign power which pertains to the levying and collecting of taxes. The county as a municipality is not specially interested in the exercise of these powers, except so far as they relate to its own municipal affairs. It is, hence, not liable for derelictions of officers in respect to their conduct as mere agents of the government."

The case of *Shelby Township* v. *Randles*, 57 Ind. 390, should not be construed as holding a contrary doctrine. In that case the township was held liable to a suit for damages by the owner of sheep killed by dogs. The fund applicable to the payment of such claims was created by the taxation of dogs in the particular township, under the act of 1865, chapter twelve, and was paid over and belonged exclusively to the township (section three), and if not all required to pay such claims, the surplus was disbursed by the township, as school revenue (section four). The fund was created by and belonged to the township for a particular purpose, and it was its duty, enjoined by law, to disburse it through its trustee in the execution of that purpose, and, upon its refusal so to do, was liable to the party aggrieved.

It is quite true that a county may sue and be sued in many cases. As to such duties as are expressly imposed upon it by law, or as affect interests expressly committed to its charge, it may be made answerable for the default of the agents intrusted with the performance. "Liability in such cases", as was further said in the case already quoted from, "grows out of the fact that the municipality failed to discharge some corporate duty which the law expressly and primarily laid upon it, and not upon the officer or agent." See, also, *Board, etc.,* v. *Allman*, 142 Ind. 573; *Conn* v. *Board, etc.,* 151 Ind. 517. Neither could appellee maintain an action on the official bond of the treasurer. *Taggart* v. *State*, 49 Ind. 47; *Yater* v. *State*, 58 Ind. 299; *Gauntt* v. *State*, 81 Ind. 137.

It is also urged that the complaint is insufficient for want of an averment of prior demand against the appellant to pay the balance due upon said orders. The petition and alternative writ aver that a prior demand was made of Delos N. Weaver as treasurer of Elkhart county, and who was at the time such officer, and by him as such officer refused; that, pending the action, Weaver's term expired, and appellant, Wood, succeeded him in the office January 1, 1899;

which fact, being disclosed by a supplemental complaint, the court substituted Wood as the party defendant.

The office of county treasurer is a continuing one. The remedy sought was the payment of money by the officer,— a purely ministerial function. The demand was against Weaver, the officer, and not against Weaver, the individual, and when Weaver went out, and Wood went in, the party defendant was the same, but represented by another individual. Wood assumed the office impressed with all the legal duties and obligations that rested upon the officer he then was. He took the office *lis pendens*, and was bound to know the character of the plaintiff's action, and that the complaint charged that a demand of payment had been properly made of his predecessor, and refused, and if it was his pleasure to pay the plaintiff's demand without judicial determination, it was his duty to do so without further demand. To hold otherwise would be to place it in the power of such officers, by the expiration of terms of office and resignations, effectually to defeat the ends of justice. *State* v. *Gates*, 22 Wis. 210, 214; *Lindsey* v. *Auditor of Kentucky*, 3 Bush 231, 235; *Hardee* v. *Gibbs*, 50 Miss. 802, 806; *People* v. *Supervisor*, 100 Ill. 332; *Clark* v. *McKenzie*, 7 Bush 523, 531; *State* v. *Puckett*, 7 Lea 709, 711; *People* v. *Treasurer, etc.*, 37 Mich. 351; *Doolittle* v. *Selectmen*, 59 Conn. 402, 409; *People* v. *Bacon*, 18 Mich. 247, 253; *State* v. *Warner*, 55 Wis. 271, 285; High Ex. Leg. Rem. (3rd ed.), §§38, 441.

We are aware that the doctrine announced in *United States* v. *Boutwell*, 17 Wall. 604, and adhered to by that court to a recent date, is at variance with the view here expressed, but the rule laid down by the Federal Court, so far as we have observed, seems not to have been followed by any of the states, and also seems to be repugnant to the due administration of justice when applied to public officers of short tenure.

It is also insisted that the court erred in sustaining the

demurrer to appellant's second paragraph of answer. In this answer it is alleged that the orders had stamped thereon the words and figures: "Paid June 3, 1897, William H. Holderman, Treasurer of Elkhart County;" that Holderman was then treasurer of the county, and after the orders were so stamped they were deposited by Holderman with the auditor of the county, where they remained as a part of the record of orders paid and canceled during the term of office of Holderman; that the relator borrowed said orders of the auditor only long enough to present and demand payment of a balance claimed to be due thereon from Weaver, as treasurer, and immediately thereafter returned the same to the office of the auditor and to the files of paid and canceled orders, where they still remain; that the defendant had no knowledge of the payment thereof other than that said orders were a part of the files and record of paid and canceled orders of said county, and that his predecessors in said office of county treasurer claimed that said orders were paid in full; that the fact of payment was asserted on one side, and denied on the other, as to $5,900 of the amount thereof, and that the defendant could not safely pay said orders until the amount unpaid, if any, was first determined in an action for that purpose.

It is the opinion of the writer that this answer is insufficient. Its theory seems to be that facts exhibiting an uncertainty, rather than the fact of payment, will defeat the issuance of the peremptory writ. The answer would doubtless be good upon this theory if the statute did not provide the means for removing the uncertainty. But as in all other matters of dispute, as we have seen, issues of fact may be formed and tried in a mandamus proceeding, as in civil actions, and the final writ of performance granted or withheld according as the issues may be determined. The duty of performance must be made clear and certain before the act is compelled. Hence, the rule of safety and personal protection contended for does not apply where the doubt rests, not in the right, but in the issuable facts.

The relator presents a complaint showing a clear legal right. If the complaint is true the defendant is entitled to no protection; if it is not true he will be awarded protection by a denial of the peremptory writ. There is no denial of the non-payment charged, nor that there is sufficient money in the treasury liable to the payment. The defendant is the custodian of the office and supervisor and keeper of its accounts. He must know that the orders were drawn against a special fund distributed to the city of Elkhart, and is also bound to know whether there is still in the treasury $5,900 of money liable to the payment of the orders. The sum necessary and liable to the payment can be in the treasury but once, and if the accounts show that any part of it is still there, then it follows that that part has never been paid out.

The relator proposes by his complaint to assume the burden of proving (1) that $5,900 of the distribution remains unpaid, notwithstanding the indorsement upon the orders as paid in full, and (2) that the money liable to the payment of this balance still remains in the treasury. Before he will be entitled to a peremptory writ he will be required to prove clearly the existence of both these facts. The suit is against the officer, not against the individual, and if it is made clearly to appear, from judicial investigation under proper issues, that the officer holds money belonging to the city, I perceive no just ground for a denial of the writ. The answer in question, failing to traverse these material facts, and impliedly confessing them to be true, I think is insufficient.

The majority of the court, however, takes the opposite view, expressed as follows: "Section 1182 Burns 1894, §1168 R. S. 1881 and Horner 1897, provides that 'Writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust, or station'. The writ of mandamus should not issue

unless a clear legal right to have the thing sought by it done, and done in the manner and by the person sought to be coerced, is shown. High Ex. Leg. Rem. (3rd ed.), §9; *Commissioners* v. *People*, 66 Ill. 339, 341; *People* v. *Hatch*, 33 Ill. 9, 140; *People* v. *Klokke*, 92 Ill. 134, 137, 138; *People, etc.,* v. *Spruance, etc.,* 8 Col. 307, 319; *Mayor* v. *Aspen, etc., Co.,* 10 Col. 191, 199.

"The question presented, therefore, by the demurrer to the second paragraph of answer is not whether or not such orders were paid, but was it, under the facts alleged in said paragraph, considered in connection with the allegations of the complaint and alternative writ, the clear legal. duty of Weaver, appellant's predecessor in office, to pay such orders on the alleged demand of the relator?

"It is well settled in this State that money can only be paid out of the county treasury in the manner provided by law. *Shoemaker* v. *Board, etc.,* 36 Ind. 175, 184. Section 7998 Burns 1894, §5920 R. S. 1881 and Horner 1897, provides that the county treasurer 'shall pay all orders of the auditor when presented, if there be money in the treasury for that purpose, and write on the face of such order the date of redemption, over his signature. If there be no funds to pay such order when presented, he shall endorse thereon "Not paid for want of funds" and the date of such presentment, over his signature; which shall entitle such order to draw, thenceforth, legal interest.'

"Section 8001 Burns 1894, §5923 R. S. 1881 and Horner 1897, provides that 'The treasurer shall, on the first Monday of March, June, September and December, in each year, deposit with the auditor all orders redeemed, who shall receipt therefor.'

"It is evident that it is not the duty of a county treasurer to pay an 'order of the auditor' unless it is legal on its face, and is presented by a person having authority to receive the money thereon, and there is an appropriate fund in the treasury sufficient for that purpose. An order, legal on its

face, is an absolute protection to the treasurer when paid even though invalid, if when he paid it he had no notice or knowledge of its invalidity. *Graham* v. *State,* 66 Ind. 386, 391, 392.

"As the treasurer is required by said §7998 (5920) *supra,* to write on the face of all orders 'Paid', the date of redemption over his signature, and by §8001 (5923) *supra,* to deposit with the county auditor all redeemed orders and take the receipt therefor, he is not required to pay an order unless the person who presents it has the lawful possession thereof for the purpose of receiving payment, and the right to surrender the possession thereof to the treasurer when paid. This is true because it is only when the treasurer, upon payment of an order, is entitled to retain the same against all persons, and deposit it in the auditor's office, and receive a receipt therefor, and thus be entitled to credit for such payment, that he is required to pay it.

"Said orders were in the possession of the auditor of said county as paid and canceled orders deposited there as paid by Holderman, treasurer, and, under such circumstances it is to be presumed that he had paid the same. The relator obtained said orders from the files of paid and canceled orders in the auditor's office under an agreement to return them to the files of said office. He did not, therefore, have the lawful possession thereof for the purpose of receiving payment, and the delivery of said orders to the treasurer, on payment, would have been a violation of the agreement under which the relator obtained the same from the auditor's office. If said orders had been paid to the relator upon his demand, the treasurer, upon depositing the same in the auditor's office, could not have compelled the auditor to give him a receipt therefor, because said orders were already a part of the files of said auditor's office. The demand made by the relator for the payment of said orders was the same as if the orders had been on file in the auditor's office as paid and canceled orders when said demand was made.

"Under §7998 (5920) *supra*, it is not the duty of a county treasurer to pay an order of the auditor unless the order is delivered to him so that he can mark it redeemed, as required by said section, and deposit it with the auditor, and receive a receipt therefor, as provided in §8001 (5923) *supra*, and thereby be entitled to a credit for such payment.

"As under the facts alleged in said second paragraph of answer it was not the clear legal duty of the treasurer to pay such orders on the demand of the relator, it is shown thereby that a peremptory writ should not issue to compel appellant to pay said orders. Moreover, the peremptory writ, properly framed, would only require the appellant to pay said orders when presented by the relator; and the answer shows that he did not have possession of the orders, and could not present them for payment. Said second paragraph, therefore, shows that the relator is not in a position to avail himself of the writ if granted. It is a complete defense to such proceeding that the writ would be nugatory if granted. High, Ex. Leg. Rem. (3rd ed.), §§14, 117; 13 Ency. Pl. & Pr. 493, 494."

As arising under the motion for a new trial, it is admitted by appellee in his brief that the court excluded, over appellant's objection and exception, testimony tending to prove that there was no money in the treasury at the time the demand for payment was made upon Weaver that could be used in payment. This was clearly error. The fact that there was money in the treasury liable to the payment of the orders when the demand was made rests at the foundation of the relator's right to the writ. The court will not undertake to compel a public officer to do a thing that is impossible of performance. The orders were not payable out of the general fund, nor out of any fund other than that particularly provided by the distribution of the auditor for that purpose more than a year before, and during the administration of the office by a different treasurer. The law presumes that public officers perform the duties required of

them by law.  The complaint charges that each order had
stamped upon it:  "Paid June 3, 1897.  William H. Hol-
derman, Treasurer of Elkhart County."

Section 7998, *supra*, provides that "the treasurer shall
pay all orders of the auditor when presented, if there be
money in the treasury for that purpose, and write across the
face of such orders the date of redemption, over his signa-
ture."  In the absence of an averment to the contrary, we
must presume against the pleader, that, at the time the
orders were stamped "Paid", they were delivered to Hol-
derman by appellee's agent as paid, and by Holderman
placed and used as appointed by law.  And when non-pay-
ment is set up against this state of facts, and against a suc-
cessor in office, sixteen months afterward, the plaintiff must
affirmatively prove, as essential facts of his case, not only
the non-payment, but that at the time payment is demanded
the money liable to the payment is still in the treasury.

It is contended that when it is once shown that the money
was in the treasury at the time the orders were drawn by
the auditor, it must be conclusively presumed therefrom,
even against a successor in office, that the money remains in
the treasury till paid out according to law.  We can not
assent to this contention.  If Holderman appropriated the
money to his own use, and deported it from the treasury,
then as a fact it was not there when the demand was made,
and payment could not have been made by Weaver.  Courts
will not indulge in fiction in ordering peremptory writs of
mandate.   Facts, and not presumptions, are required.
Without some affirmative evidence that the money liable to
the payment was still in the treasury when the demand of
payment was made, appellee had failed to make out his case,
and the court should have directed a verdict for the defend-
ant.  If any such evidence was before the jury, it was the
undoubted right of appellant to rebut it, and show the con-
trary, if he could.

Appellee assigns as cross-error the overruling of his de-

murrer to the first paragraph of answer. This answer traversed the averments of the complaint that $5,900, or any other sum, was unpaid upon the orders, and also that the money liable to the payment was in the treasury at the time the demand was made. It was good as an argumentative denial, and, in the absence of a paragraph of general denial, the demurrer was properly overruled.

There are other questions discussed, the decision of which is not necessary to a dispostion of the case, and, as they are not likely to arise again upon a retrial, we pass them without consideration. Judgment reversed, with instructions to grant a new trial and overrule the demurrer to the second paragraph of the answer. Baker, J., did not participate.