STATE EX REL. FREEMAN *v.* SUPERIOR COURT OF MARION COUNTY ET AL.

[No. 27,304. Filed January 23, 1940.]

*Wilbur A. Royse* and *Owen S. Boling*, for Relator.

*Edward H. Knight* and *Oscar Hagemier*, for Respondents.

ROLL, J.—The following facts are undisputed and may be briefly summarized as follows:

Herbert M. Spencer is now and was during all the time herein mentioned, the duly elected judge of the Superior Court of Marion County, Room 2, and all the proceedings hereinafter mentioned were had in that court.

On June 12, 1939, Ida Helen Freeman, the relator herein, obtained a default judgment against one Thomas B. Dillon in cause No. B-2687 of the records of said court. On June 26, 1939, Thomas B. Dillon filed a motion to set aside said default judgment under the provisions of Sect. 2-1068, Burns' Ind. St. 1933.

A certified copy of the records of the Superior Court Room 2 shows the following entries.

"BE

   IT

      REMEMBERED, that among and as a part of the record of the SUPERIOR COURT, Room No. 2, is the following in the cause of:

IDA HELEN FREEMAN

       v.            No. B 2687

THOMAS B. DILLON

And afterwards towit, BE IT FURTHER REMEM-BERED, that on June 27th, 1939, being the 20th Judicial day of the June 1939 term of said court, the following proceedings were had in the above entitled cause:

## APPOINTMENT OF ATTORNEY AS JUDGE PRO TEM.

In the Superior Court, Marion County, Indiana, June term 1939.

State of Indiana, } ss:
County of Marion

I, Herbert M. Spencer, Judge of said Court, because of sickness, which will necessitate my absenting myself from the said Superior Court Room 2, do hereby designate and appoint, Jessie Levy, a competent and disinterested attorney of said court, as Judge pro tem, thereof, during my absence.

HERBERT M. SPENCER,
Judge Superior Court.

June 27, 1939.
The State of Indiana, County of Marion, Sct:

I Jessie Levy, swear that I will support the Constitution of the United States and of the State of Indiana, and will faithfully discharge my duties as Judge pro tem of Marion Superior Court Room 2, so Help Me God.

Jessie Levy.

Subscribed and sworn to this 27th day of June, 1939, before me, Clerk of said Court.

CHARLES R. ETTINGER, Clerk,

(Seal)       By Erwin J. Ullery,
Deputy Clerk Superior Court.

and the Honorable Herbert M. Spencer, Regular Presiding Judge of this Court now makes the following

finding and ruling from his bed in the Methodist Hospital, in the City of Indianapolis, County of Marion, State of Indiana, and orders the Clerk of this Court to make the proper entry in the order book of this Court.

IDA HELEN FREEMAN

v.   }   No. B 2687

THOMAS B. DILLON

Comes now the parties and the court being duly advised now sustains the defendants motion to set aside default judgment heretofore entered in this cause.

It is therefore considered and adjudged by the court that the default judgment heretofore entered in this cause be and the same is hereby vacated and set aside to all of which the plaintiff's except.

HERBERT M. SPENCER, Judge

(NB-Clerk's Note:

( and other proceedings on this date were had on other causes on said date before the Honorable Jessie Levy, Judge pro tem)

thereupon Court adjourned.

Judge pro tem, J. Levy

It is also made to appear, without dispute, that on September 7, 1939, the relator, as plaintiff in said cause No. B-2687, entitled *Ida Helen Freeman* v. *Thomas B. Dillon,* filed her written motion in said cause, the said Herbert M. Spencer, Judge presiding, asking that the entry purporting to set aside said default judgment be striken out and set aside, and that said entry be expunged from the record on the ground, and for the reason that said entry was null and void. It was urged by the plaintiff that Judge Spencer, when he made said entry, was without authority to make the same, and

was without jurisdiction to act in said matter. The court took no action on said motion, and on September 15th, Judge Spencer ·announced from the bench that he would not set aside said entry, nor take any action whatever in the matter. Thereafter, the relator filed this original action for a writ of mandate to compel respondent herein to expunge the record of said alleged entry, which purported to set aside said default judgment.

Acts 1929, Ch. 170, § 1, p. 533, Section 4-402, Burns' Ind. St. 1933, provides for the appointment of ▮▮▮ a judge under circumstances such as appears in this case.

This statute provides:

"When, from any cause, any judge of any superior court in the state of Indiana shall be unable to attend and preside at any term of said court, or during any day or days, or during any part of any term, such judge may appoint in writing, any attorney eligible to the office of such judge, or any other judge of the court of record in this state, to preside at such term, or day or days, or part of such term. Such written appointment shall be entered of record in said court, and if such appointee is not a judge of a court of record, he shall take the same oath required by law of judges of superior courts, and such appointee shall conduct the business of such court in the same manner and shall have the same power and authority during the continuance of his appointment as a regularly elected judge of such court."

We think it clear that Jessie Levy, under the appointment by Judge Spencer, was *the* judge of Marion Superior Court Room 2, on June 27, 1939, the same being the 20th judicial day of the June term of said · court, and under the provisions of the above statute, she had, during her appointment, the same power and authority and jurisdiction as if she were the duly elected

judge of said court. Room 2 of said Superior Court cannot have two judges with power and jurisdiction to act in the same case at the same time. *Heacock* v. *Arnold* (1929), 90 Ind. App. 476. The judge *pro tempore,* had jurisdiction during the entire judicial day, unless it appear that her jurisdiction was ended before the expiration thereof. No such showing is made here; on the contrary, the undisputed record shows that Jessie Levy acted as Judge *pro tempore* during the entire day, and adjourned court which closed the 20th judicial day of that term of court. It must follow from the undisputed record that Jessie Levy, as judge *pro tempore,* had jurisdiction of the petition to set aside said default judgment filed by the said Thomas B. Dillon, and, that being true, it also must follow that Herbert M. Spencer was without jurisdiction to act on said day. Any entry made by him or at his direction was null and void for want of jurisdiction.

Respondent seeks to show by the record that the entry made by Judge Spencer was made and entered after Jessie Levy, as Judge *pro tempore,* had adjourned court for that day. This contention adds no strength to his position. It will be presumed that the court, as constituted, remained open for the transaction of all business presented during that judicial day. When the judge *pro tempore* adjourned court on June 27, 1939, that day's work was closed, and if any effect whatever could be attributed to this fact that the entry was made after court adjourned, it certainly would not weigh in favor of respondent.

Respondent says that the writ should not issue for the reason that, prior to the issuing of the alternative writ, the plaintiff had filed her motion and affidavit for a change of venue from the regular judge, Herbert M. Spencer, and that the motion

had been sustained; and therefore, under the decided cases of this court, he was without jurisdiction to take further action in the matter. We don't think this fact should preclude the relator from having the record expunged of a void entry, and her rights protected. The action is against the court, and regardless of who the judge might be, the writ will run to respondent or his successor, and will be binding upon the person acting as the judge of said Superior Court and exercising jurisdiction over this particular case. The same situation would arise upon the death of the judge and the appointment of his successor; or in case the term of office of the regular judge would expire and his successor became the judge before the writ was issued, but after the petition was filed. An example of this situation was presented in the case of *Wood, Treas.* v. *State,* 155 Ind. 1.

In the case of *Newton* v. *Altheimer,* 170 Ark. 366, it was said:

"This suit is against the county court, not against the judge of the court, to compel action on his part, though he is compelled by the writ to act for the court over which he presides . . . but the action or refusal of a county judge to act through the machinery of the court over which he presides is controlled by the writ, because it is, in effect, a compulsion applied to the court as a continuing body."

In *The State ex rel. Sharp* v. *Puckett County Judge,* 75 Tenn. 709, the relator sought a writ of mandate against the respondent; the trial court refused to issue the writ for the reason that the term of office of respondent had expired, and he was no longer judge of the court. The Supreme Court reversed the trial court, and held that the suit did not abate by a change in the person of the county judge, nor was it necessary to revive the suit formally against the successor.

In *People ex rel.* v. *Bacon, Circuit Judge* (1869), 18 Mich. 247, the action was to mandate the Circuit Judge to set aside a judgment, and the court said:

"The judgment should have been set aside, and a *mandamus* is the proper remedy to compel this."

We quote the following excerpt from the opinion:

"It would seem to follow that the writ should be regarded as directed to the judge officially, and as binding the incumbent whoever he may be."

We therefore conclude that the writ should issue, and that it is binding upon the judge presiding in the case, whoever he may be. The order and entry setting aside the judgment obtained by relator herein is null and void, and it was the clear legal duty of the judge of said court to strike out and expunge its record of all void entries, either upon its own motion, or upon the motion of the aggrieved party. The petition filed by Thomas B. Dillon to set aside said order has never been heard and determined by any court, or acted upon by any one having jurisdiction to determine the matter, and we think this is a matter relator has a right to have determined, and to contest the same if she so desires.

The alternative writ is therefore made permanent.